1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| LORENSO PASILLAS, et al, | ) | Case No.: 12-CV-04123-LHK |
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al, | ) | |
| Defendants. | ) | |

On August 6, 2012, Plaintiffs Lorenso Pasillas and Amelia Pasillas filed a Complaint seeking to cancel the foreclosure sale and to vacate the trustee's deed on property located at 7268/7278 Lovers Lane, Hollister, CA 95023.  ECF No. 1.  Named Defendants are Deutsche Bank National Trust Company ("DBNTC"); Ocwen Loan Servicing, LLC; Aztec Foreclosure Corporation; Robbie "Roberta" L. Weaver; Elaine Malone; Tianna Alvarado; Denise A. Marvel; Leticia N. Arias; and Remington Duque, and Does 1 through 25.[1]  On October 5, 2012, Plaintiff filed an Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should not Issue Pending Final Litigation.  ECF No. 8 ("TRO").  The case was reassigned to this Court on October 9, 2012.  ECF No. 11.  The Court determined that the best way to resolve Plaintiff's TRO was to refer this action to the Alternative Dispute Resolution

---

[1]  On October 5, 2012, Plaintiffs voluntarily dismissed from suit Perry and Shapiro LLP, Katherine S. Walker, and Evan F. Anderson pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. ECF No. 7.

Case No.: 12-CV-04123 LHK
ORDER

("ADR") Unit to assess this case's suitability for mediation or a settlement conference.  *See* ECF No. 12.  Since this referral, the parties have engaged in seven ADR phone conferences on: October 22, 2013; October 31, 2012; December 3, 2012; January 25, 2013; February 11, 2013; February 28, 2013; and April 17, 2013.

On October 23, 2012, Defendants Deutsche Bank, as Trustee, Ocwen, Denise Marvel, and Leticia Arias filed a Motion to Dismiss Plaintiffs' Complaint, ECF No. 14, which Defendants re-filed on October 24, 2012, ECF No. 15.  Pursuant to Civil Local Rule 7-3(a), Plaintiff's opposition to the Motion to Dismiss was due on November 7, 2012.  However, Plaintiff never filed an opposition.

On February 18, 2013, the Court granted Plaintiffs' Motions to Substitute Attorney.  *See* ECF Nos. 22, 23.  On April 11, 2013, Plaintiffs filed a First Amended Complaint.  ECF No. 27.  Plaintiffs then served Deutsche Bank National Trust Company, Ocwen Loan Servicing, and Aztec Foreclosure Corporation, as well as their agents, with a copy of the Summons, Amended Complaint, and related documents on April 18, 2013.  ECF Nos. 28, 29, and 30.  Plaintiffs then stipulated to allow Defendant Remington Duque, who is not represented by counsel, a 20-day extension to file a response to Plaintiff's First Amended Complaint.  ECF No. 33.  The Court granted this stipulation.  ECF No. 34.

As of the date of this Order, May 14, 2013, there is no indication that Plaintiffs have served Defendants Robbie "Roberta" L. Weaver, Elaine Malone, Tianna Alvarado, Katherine S. Walker, or Evan F. Anderson with a copy of the Summons, First Amended Complaint, or related documents.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Moreover, Defendants Deutsche Bank National Trust Company, Ocwen Loan Servicing, and Aztec Foreclosure Corporation, who have been served, have neither opposed Plaintiffs' filing of a First Amended Complaint, nor answered the Complaint.  *But see* Fed. R. Civ. P 12(a)(1)(A)(i) (requiring Defendants to serve a responsive pleading within 21 days after being served with a

United States District Court
For the Northern District of California

Case No.: 12-CV-04123 LHK
ORDER

1    summons and complaint).  Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend

2    its pleading once as a matter of course within 21 days of serving it.  Fed. R. Civ. Pro. 15(a)(1).

3    After that initial period has passed, amendment is permitted only with the opposing party's written

4    consent or leave of the court.  *Id.* 15(a)(2).  Rule 15 instructs that "[t]he court should freely give

5    leave when justice so requires."  *Id.*[2]

6         In addition, Defendants Deutsche Bank National Trust Company and Ocwen Loan

7    Servicing Company have not indicated whether they plan to withdraw their pending Motion to

8    Dismiss, currently set for a hearing on June 6, 2013, and file a new Motion to Dismiss in light of

9    Plaintiff's First Amended Complaint.

10        Accordingly, by May 17, 2013, the parties shall file a joint status report regarding this case

11   including: (1) whether Plaintiffs plan to serve or voluntarily dismiss the remaining Defendants; (2)

12   whether Defendants Deutsche Bank National Trust Company, Ocwen Loan Servicing, and Aztec

13   Foreclosure Corporation plan to answer Plaintiffs' complaint.  If Defendants seek to dismiss this

14   action, the Court requests that Defendants voluntarily withdraw their currently pending Motion to

15   Dismiss, ECF No. 14, and file a new Motion to Dismiss based on Plaintiffs' First Amended

16   Complaint.

17   **IT IS SO ORDERED.**

18

19   Dated: May 14, 2013                                          *Lucy H. Koh*
                                                                   _____
20                                                                 LUCY H. KOH
                                                                   United States District Judge
21

22

23

24

25   [2]  Courts commonly consider four factors when determining whether to grant leave to amend: (1)
     bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4)
26   futility of the proposed amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin
     Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  Of these factors, prejudice to
27   the opposing party is the most important.  *Jackson*, 902 F.2d at 1387.  In addition, a court may also
     consider whether the plaintiff has previously amended his complaint.  *DCD Programs, Ltd. v.
28   Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987).