ERIC D. HOUSER (SBN 130079)
STEVE W. PORNBIDA (SBN 248359)
HOUSER & ALLISON, APC
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Tel:     (562) 256-1675
Fax:     (562) 256-1685
Email: spornbida@houser-law.com

Attorneys for Defendants,
Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2003-HE1, Mortgage
Pass-Through Certificates, Series 2003-HE1 (erroneously sued as Deutsche Bank National Trust
Company); Ocwen Loan Servicing, LLC; Denise A. Marvel; and Leticia N. Arias

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENSO PASILLAS, AMELIA PASILLAS,<br><br>                    Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, OCWEN LOAN SERVICING LLC, AZTEC FORECLOSURE CORPORATION, PERRY AND SHAPIRO LLP, ROBBIE "ROBERTA" L. WEAVER, ELAINE MALONE, TIANNA ALVARADO, DENISE A. MARVEL, LETICIA N. ARIAS, KATHERINE S. WALKER, EVAN F. ANDERSON, REMINGTON DUQUE and DOES 1-25,<br><br>                    Defendants. | Case No. 5:12-cv-04123-PSG<br><br>**DEFENDANTS DEUTSCHE BANK, AS TRUSTEE, OCWEN, DENISE MARVEL, AND LETICIA N. ARIAS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(b)(4)(5)(6)]**<br><br>Honorable Lucy H. Koh<br><br>Date:          June 27 , 2013<br>Time:          1:30 p.m.<br>Courtroom:  8, Fourth Floor |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

         **PLEASE TAKE NOTICE** that on June 27, 2013, at 1:30 p.m., or as soon thereafter as

the matter may be heard, in Courtroom 8, Fourth Floor of the above-entitled Court located at

280 South First Street, San Jose, California, 95113, defendants Deutsche Bank National Trust

Company, as Trustee for GSAMP Trust 2003-HE1, Mortgage Pass-Through Certificates,

Series 2003-HE1 erroneously sued as Deutsche Bank National Trust Company ("Deutsche Bank, as Trustee"); Ocwen Loan Servicing, LLC ("Ocwen"); Denise A. Marvel ("Ms. Marvel"); and Leticia N. Arias ("Ms. Arias") will and hereby do move the Court to dismiss the Complaint of Plaintiffs Lorenzo Pasillas and Amelia Pasillas (collectively "Plaintiffs").

This motion is made and based upon Fed. R. Civ. P. 12(b)(6) on the grounds that the claims contained in Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, documents subject to Judicial Notice, and upon all pleadings, papers, and documents on file herein, as well as any oral argument which may be presented at the time of the hearing or any matters of which judicial notice is requested and/or taken.


Dated:    May 13, 2013                           **HOUSER & ALLISON**
                                                 A Professional Corporation


                                                 */s/ Steve W. Pornbida*
                                                 Steve W. Pornbida
                                                 Attorney for Defendants,
                                                 Deutsche Bank National Trust Company, as
                                                 Trustee for GSAMP Trust 2003-HE1,
                                                 Mortgage Pass-Through Certificates, Series
                                                 2003-HE1 erroneously sued as Deutsche
                                                 Bank National Trust Company; Ocwen Loan
                                                 Servicing, LLC; Denise A. Marvel; and
                                                 Leticia N. Arias

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND FACTS ................................................................................................... 2

III. ARGUMENT .................................................................................................................... 3

   A.  Plaintiffs' Claim for Breach of Contract as to the Deed of Trust Fails Due to Their Admitted Default ................................................................................................................ 3

   B.  Plaintiffs' Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails Because Plaintiffs Were Not Precluded from Performing ............................... 4

   C.  Plaintiffs' Claim for Abuse of The Nonjudicial Foreclosure Process is Simply an Untimely Claim For Failure to Comply With Civil Code §2923.5 ..................................... 5

   D.  Plaintiffs' Breach of Agreement Claim Relies on an Alleged Oral Contract ........................ 6

    i.  Any Modification of the Ability to Enforce the Deed of Trust and Foreclose Would Have to be in Writing ................................................................................................... 7

    ii. Any Claim for Breach of an Oral Modification Contract Would Further be Time-Barred ................................................................................................................... 8

   E.  Plaintiffs' Negligent Misrepresentation Claim Fails as The Moving Defendants Did Not Make Any Misrepresentation to Them .................................................................... 9

   F.  Plaintiffs' Claim for Wrongful Foreclosure Fails as The Moving Defendants Did Not Make Any    Misrepresentation to Them ............................................................... 10

   G.  Plaintiffs' Negligence Claim Fails as Previously State *Supra* .................................... 10

   H.  Plaintiffs Fail to Allege a Slander of Title Claim ....................................................... 11

   I.  Plaintiffs' Constructive Trust Fails as This is a Remedy not an Affirmative Claim ........... 12

   J.  Plaintiffs' Declaratory Relief Claim Fails as Relying On the Same Allegations and Remedies as Prior Claims ............................................................................................ 13

   K.  Plaintiffs Have Not Alleged Sufficient Facts to Show Defendants Engaged in Unlawful, Unfair, or Fraudulent Business Acts ............................................................ 13

   L.  Plaintiffs RESPA Claim Fails as A Matter of Law ..................................................... 14

   M.  Plaintiffs' Lawsuit is Barred By Collateral Estoppel and the Rooker-Feldman Doctrine .................................................................................................................. 15

   N.  Plaintiffs Are Judicially Estopped From Asserting the Claims in This Suit Against Defendants ................................................................................................................ 16

IV. CONCLUSION ............................................................................................................... 18

**DEFENDANTS' MOTION TO DISMISS**

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 ............................................................................ 4

*Ball v. FleetBoston Financial Corp.*, 164 Cal.App.4th 794 .................................. 13

*Barton v. New United Motor Manufacturing, Inc.*, 43 Cal.App.4th 1200 (1996) .......... 8

*Batt v. City and County of San Francisco*, 155 Cal.App.4th 65 ........................... 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 ...................................................... 4

*Bennett v. Suncloud*, 56 Cal. App. 4th 91 ............................................................ 14

*Bonner v. Specialized Loan Serv'g*, 2:10-cv-1267 JCM, 2011 WL 1199998 ............... 11

*Calvo v. HSBBank USA, N.A.*, 199 Cal.App.4th 118 ............................................ 12

*Collins v. Marvel Land Co.*, 13 Cal.App.3d 34 ...................................................... 7

*Cooper v. Pickett*, 137 F.3d 616 ........................................................................... 14

*Cusano v. Klein*, 264 F.3d 936 ............................................................................. 16

*Davies v. Krasna* 121 Cal.Rptr. 705 (1975) ........................................................... 8

*Day v. Greene* 59 Cal.2d 404 .............................................................................. 13

*De Los Santos v. World Capital Financial*, 2009 WL 649163 ............................... 9

*Eddy v. Sharp*, 199 Cal.App.3d 858 ...................................................................... 9

*Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377 .................................... 13

*Gautier v. General Telephone Company*, 234 Cal.App.2d 302 ............................... 3

*Grant v. Aurora Loan Services, Inc.*, 2010 WL 3517399 ....................................... 9

*Guz v. Bechtel Nat. Inc.* 24 Cal.4th 317 ................................................................. 5

*Hatch v. Collins* 225 Cal. App. 3d 1104 ................................................................ 4

*Homestead Sav. v. Darmiento* 230 Cal. App. 3d 424 ........................................... 10

*In Re Cantrell*, 329 F.3d 1119 ............................................................................. 15

*In re JZ L.L.C.*, 371 B.R. 412 .............................................................................. 17

*Justo v. Indymac Bancorp*, 2010 WL 623715 ...................................................... 10

*Kamp v. Aurora Loan Servs.*, 2009 WL 3177636 ................................................ 10

*Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612 .................................... 14

*Knapp v. Doherty* 123 Cal.App.4th 76 .................................................................. 4

*Kroeker v. Hurlbert*, 38 Cal.App.2d 261 .............................................................. 10

*Mabry v. Superior Court*, 185 Cal.App.4th 208 ..................................................... 5

*Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal.App.4th 1040 .................... 11

*Marks v. Ocwen Loan Servicing*, 2009 WL 975792 .................................................................. 9

*Mead v. Sanwa Bank California*, 61 Cal.App.4[th] 561 ............................................................ 6

*Merrill v. Navegar, Inc.*, 26 Cal.4th 465 ................................................................................. 9

*Moeller v. Lien*, 25 Cal. App.4th 822 ..................................................................................... 10

*Mulato v. WMC Mortgage Corp.*, 2009 WL 3561536............................................................ 10, 11

*Nguyen v. Tran*, 157 Cal. App.4th 1032 .................................................................................. 6

*Nymark v. Hart Federal Savings & Loan Assoc.*, 231 Cal.App.3d 1089 ............................... 9, 11

*Patague v. Wells Fargo Bank, N.A.*, 2010 WL 4695480 ......................................................... 15

*People v. Toomey* 157 Cal.App.3d 1.................................................................................... 14

*Permito v. Wells Fargo Bank, N.A.*, 2012 WL 1380322 ........................................................ 12

*Racine & Laramie, Ltd. v. Department of Parks & Recreation* 11 Cal.App.4th 1026................ 5

*Ramos v. MERS,* 2:08-cv-1089-ECR-RJJ, 2009 WL 5651132.............................................. 12

*Resolution Trust Corp. v. BVS Dev., Inc.*, 42 F.3d 1206 ....................................................... 10

*Rogers v. Cal. State Mortgage Co. Inc.*, 2010 WL 144861 ................................................... 12

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413........................................................................... 15

*San Jose Production Credit Ass'n v. Old Republic Life Ins. Co*. 723 F.2d 700 ....................... 4

*Schneider v. Bank of America N.A.* 2013 WL 1281902.......................................................... 15

*Secrest v. Security Natl. Mortg. Loan Trust 2002-2*, 167 Cal.App.4th 544............................. 7

*Sicairos v. NDEX West, LLC*, 2009 WL 385855 ................................................................... 12

*Signal Hill Aviation Co. v. Stroppe*, 96 Cal.App.3d 627 ........................................................ 13

*Smith v. Home Loan Funding, Inc.*, 192 Cal. App. 4th 1331 .................................................. 6

*Sprewell v. Golden State Warriors*, 266 F.3d 979 .................................................................. 4

*Stebley v. Litton Loan Servicing, LLP*, 202 Cal.App.4th 522 .................................................. 5

*Sterling v. Taylor*, 40 Cal. 4th 757 ........................................................................................ 7

Summa Corp. v. Greenspun, 96 Nev. 247, 607 P.2d 569 (1980) ............................................ 12

*Thompson v. Price* 251 Cal.App.2d 182 ................................................................................ 13

*Williams v. Wells Fargo Bank, N.A., Inc.*, 2010 WL 1463521 ................................................ 15

**Statutes**

11 U.S.C. § 348 (f)................................................................................................................ 16

11 U.S.C. § 541 (a)(7)........................................................................................................... 16

*Cal Civ.Code*, §2924(a)(1)...................................................................................................... 12

*Cal. Civ. Code* §1624............................................................................................................ 7

---

*Cal. Civ. Code* §1698 ............................................................................................................ 7, 8

California *Business and Professions Code* §17200 .......................................................... 13

*California Civil Code* §§ 2924 – 2924i ................................................................................ 10

California *Code of Civil Procedure* ("*CCP*") §339 ............................................................ 8

Civ. Code § 2924 ................................................................................................................. 11, 12

*Civ. Code* §1698(a) ................................................................................................................. 7

*Civ.Code* §2223 ..................................................................................................................... 13

*Civil Code* §§ 2924–2924i ...................................................................................................... 11

Civil Code §1698 ..................................................................................................................... 8

Civil Code §2923.5 ................................................................................................................... 5

Civil Code §2932.5 ................................................................................................................. 12

*Code Civil Procedure* ("*CCP*") §1971 .............................................................................. 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Lorenzo Pasillas and Amelia Pasillas' (the "Pasillas") bring their First Amended Complaint ("FAC") relying on allegations that the foreclosure notices were deficient,  and that they had either an oral contract with Ocwen, or alternatively Ocwen had made one with their broker.  Yet this case, like the numerous cases before is just an attempt to hinder their eviction and lockout.  Plaintiffs have a lengthy history of bad faith filings, which includes **fourteen** bankruptcy filings and a prior identical civil litigation in the same Court that was dismissed for failure to prosecute.

This matter arises from a residential foreclosure that was lawfully conducted three years ago, on October 30, 2009.  Since that sale, Defendant Deutsche Bank, as Trustee has attempted to claim possession of the subject property, while Plaintiffs have continued to live in the property without paying their loan, rent, taxes or insurance.  Instead, Plaintiffs continue to file pleadings based upon meritless and unsupported theories, such as in their last case (Case No. 4:11-cv-06657-YGR) which was dismissed four months after filing because Plaintiffs never pursued their claims.

Plaintiffs' FAC remains defective and should be dismissed with prejudice because the claims still lack any legal merit or factual support.  Plaintiffs' primary contentions against defendants Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2003-HE1, Mortgage Pass-Through Certificates, Series 2003-HE1 ("Deutsche Bank, as Trustee"); Ocwen Loan Servicing, LLC ("Ocwen"); Denise A. Marvel ("Ms. Marvel"); and Leticia N. Arias ("Ms. Arias") (collectively "Defendants") are: (1) an alleged miscalculation of the date of default and amount outstanding at the time of the Notice of Default; and (2) an alleged oral agreement not to enforce sale under the Deed of Trust for an indefinite period while Plaintiffs sought modification.  The FAC fails because: (1) Plaintiffs admit having defaulted on the Loan (FAC ¶64, Complaint ¶25); and 2) Plaintiffs' alleged oral contract (alternately termed agreement) to postpone the sale indefinitely fails because ii would violate the Statute of

Frauds. Defendants' motion to dismiss should be granted without leave to amend because it would be futile.

## II.   <u>BACKGROUND FACTS</u>

In November 2002, Plaintiffs executed a deed of trust and a promissory note in the amount of $600,000.00 in favor of New Century Mortgage Corporation to secure the financing of the property located at 7278 Lovers Lane, Hollister, CA 95023 (the "Property").[i] (Request for Judicial Notice (RJN) **"Exhibit A and N"**).  The beneficiary interests in the note and deed of trust were assigned to Deutsche Bank, as Trustee in 2003. (RJN **"Exhibit B"**).  On March 11, 2009, Aztec Foreclosure Corporation was substituted as trustee in place of the original trustee, Fidelity National Title. (RJN **"Exhibit C"**). Plaintiffs admit in their Complaint and FAC that they defaulted on their loan payments. (Complaint ¶25, FAC ¶64)**.**  Accordingly, foreclosure proceedings were initiated and the property was sold to Deutsche Bank, as Trustee on October 30, 2009. (RJN **"Exhibits D and M"**).

Complaints for unlawful detainer were filed and judgments for possession were entered on January 22, 2010 and April 14, 2010. (RJN **"Exhibits E and F"**).

To hinder their eviction and lockout, Plaintiffs filed a prior lawsuit in December 2011. It was dismissed in April 2012 because Plaintiffs failed to pursue their claims.  (RJN **"Exhibit G"**).  Plaintiffs also filed no less than **fourteen** bankruptcy proceedings.  Lorenso Pasillas' last bankruptcy proceeding, in July 2012, resulted in a dismissal and the Court directed that Lorenso Pasillas was barred for 2 years from re-filing a new bankruptcy case without prior Bankruptcy Court permission. (RJN **"Exhibit H"**).  A similar Order was granted against Amelia Pasillas barring her from re-filing for one year.  (RJN **"Exhibit I").**  Notwithstanding the Court Order, Plaintiffs still attempted to file bankruptcy proceedings in bad faith. (RJN **"Exhibit J").**   Plaintiffs' **fourteen** bankruptcy proceedings are listed as follows (RJN **"Exhibits K and L"**):

| Debtor | Date | Case No. |
|---|---|---|
| Amelia Pasillas | 2/4/2010 | 10-51109-MM13 |

| | | |
|---|---|---|
| Amelia Pasillas | 4/29/2010 | 10-54464-CN13 |
| Lorenso Pasillas | 8/6/2010 | 10-58135-CN13 |
| Lorenso Pasillas | 10/5/2010 | 10-60399-SLJ13 |
| Lorenso Pasillas | 11/12/2010 | 10-61728-CN13 |
| Maria C. Pasillas | 1/19/2011 | 11-50449-SLJ13 |
| Maria C. Pasillas | 3/29/2011 | 11-52897-CN13 |
| Christina Pasillas | 5/16/2011 | 11-54655-CN-13 |
| Amelia Pasillas | 7/8/2011 | 11-56411-CN-13 |
| Amelia Pasillas | 9/14/2011 | 11-58573-CN-13 |
| Lorenso Pasillas | 11/30/2011 | 11-60976-CN-13 |
| Lorenso Pasillas | 4/16/2012 | 12-52845-CN-13 |
| Lorenzo Pasillas, Jr. | 5/31/2012 | 12-54126-ASW-7 |
| Lorenzo Pasillas, Jr. | 7/24/2012 | 12-55457-SLJ-7 |

## III. ARGUMENT

### A. Plaintiffs' Claim for Breach of Contract as to the Deed of Trust Fails Due to Their Admitted Default

Plaintiff's first claim is one for breach of contract against Defendants alleging that the commencement of foreclosure was invalid under the Deed of Trust because the Notice of Default identified the wrong default date. In order to properly plead a claim for breach of contract, a plaintiff must satisfy four elements: (1) a valid contract between the parties; (2) performance by Plaintiffs; (3) defendant's breach; and (4) damages to Plaintiffs caused by the breach. *Gautier v. General Telephone Company*, 234 Cal.App.2d 302, 305 (1965). A party attacking the validity foreclosure proceedings has the burden of overcoming a presumption of validity by pleading and proving an improper procedure and the resulting prejudice. *Knapp v.*

*Doherty* 123 Cal.App.4th 76, 94-96 (2004; *Hatch v. Collins* 225 Cal. App. 3d 1104, 1113 (1990). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). In deciding a motion to dismiss under Rule 12(b)(6), a court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibits to the Complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

Here, Plaintiffs concede obtaining the Loan, secured by the Deed of Trust against the Property (FAC ¶¶ 22, 25). Plaintiffs claim that Defendants breached the terms of the Deed of Trust by recording the Notice of Default on March 30, 2009 because they allege they made payments on the Loan through December of 2008. (RJN **Exhibit M**, FAC ¶¶32-33). Plaintiffs therefore allege that the foreclosure sale that went forward October 30, 2009 was improper. However the Plaintiffs subsequently concede that they defaulted on the Loan in February of 2009. (FAC ¶64). Therefore at the time the Notice of Default was recorded, the Loan was in default, and barring Plaintiffs' payment of the reinstatement amount, foreclosure was appropriate on October 30, 2009. As such Plaintiffs' basis for a breach of the Deed of Trust claim fails.

**B.** **Plaintiffs' Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails Because Plaintiffs Were Not Precluded from Performing**

Plaintiffs' second cause of action is one for breach of the implied covenant of good faith and fair dealing for alleged failure to apply payments to update their account prior to proceeding with foreclosure after a default. The covenant of good faith and fair dealing that is implied by California law requires each contracting party ***to refrain from doing anything to injure the right of the other to receive the benefits of the agreement***. *San Jose Production Credit Ass'n v. Old Republic Life Ins. Co.* 723 F.2d 700, 703 (1984)(emphasis added). In order to maintain a claim for breach of the duty of good faith and fair dealing, a Plaintiff must allege:

(1) the existence of some specific contractual obligation and (2) interference with plaintiff's performance of the contract or failure to cooperate with the plaintiff. *Racine & Laramie, Ltd. v. Department of Parks & Recreation* 11 Cal.App.4th 1026, 1031 (1992). The covenant of good faith and fair dealing, "prevent[s] one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made … ***It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement***." *Guz v. Bechtel Nat. Inc.* 24 Cal.4th 317, 349-350 (2000)(emphasis added). The implied covenant of good faith and fair dealing rests upon the existence of some specified contractual obligation. *Racine*, supra at 1031-1032. Plaintiffs affirmatively admit they defaulted on the on the Loan (FAC ¶64) months before the Notice of Default was recorded March 30, 2009 (RJN **Exhibit M**). Plaintiffs fail to indicate how breach date on the Notice of Default, to the degree they claim it was incorrect, impacted their ability to reinstate the Loan at any point prior to the foreclosure sale. Plaintiffs have failed to state a claim for breach of the implied covenant of good faith and fair dealing.

C.   **Plaintiffs' Claim for Abuse of The Nonjudicial Foreclosure Process is Simply an Untimely Claim For Failure to Comply With Civil Code §2923.5**

Plaintiffs' third cause of action seeks to attack the foreclosure on the grounds of alleged failure to comply with Civil Code §2923.5, however the bases cited each fail according to the controlling caselaw. "[§2923.5] prohibits filing a notice of default until 30 days after the lender contacts the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."" *Stebley v. Litton Loan Servicing, LLP*, 202 Cal.App.4th 522, 525-526 (2011); Civ.Code, §2923.5, subds. (a) (1), (a)(2). The only remedy available for violation of Civil Code §2923.5 is, to postpone the sale, "it is limited to affording borrowers only more time when lenders do not comply with the statute." *Mabry v. Superior Court*, 185 Cal.App.4th 208, 226 also at 223 (2010). "Civil Code §2923.5 does not provide for damages, or for setting aside a foreclosure sale, nor could it do so without running afoul of federal law." *Stebley*, supra at 526. The declaration in the Notice of Default regarding §2923.5 compliance is sufficient if it tracks the language of that statute. *Mabry*, supra at 235.

A primary crux of Plaintiffs' claims is that foreclosure sale of the Property went forward October 30, 2009. Plaintiffs cannot maintain a cause of action challenging compliance with Civil Code §2923.5, when sale occurred 2 years and 9 months before the filing of this lawsuit.

**D. Plaintiffs' Breach of Agreement Claim Relies on an Alleged Oral Contract**

Plaintiffs' fourth Claim seeks to attack the foreclosure on the grounds of alleged breach of an oral agreement with their Broker (whom they conclude was an Ocwen representative) that foreclosure sale of the Property would not go forward for an indefinite period while they sought modification of the Loan. Any modification of the terms of a contract involving real property has to be in writing according to the Statute of Frauds, and attempted enforcement of an oral contract is time barred.

Defendant Remington Duque is not an agent of defendant Ocwen. The facts in the exhibits to a complaint **take precedence** if they contradict facts alleged in the complaint. *Gilman v. Dalby*, 176 Cal.App.4th 606, 613 (2009); *Mead v. Sanwa Bank California*, 61 Cal.App.4th 561, 567-568 (1998). The relationship between a real estate broker and the client is that of principal and agent. *Nguyen v. Tran*, 157 Cal. App.4th 1032, (2007). The mortgage broker acts as the borrower's agent. *Smith v. Home Loan Funding, Inc.*, 192 Cal. App. 4th 1331 (2d Dist. 2011). Plaintiffs' conclusory designation of defendant Remington Duque as an authorized agent of Ocwen (FAC ¶65) is contradicted by exhibits attached to their August 6, 2012 Complaint in this case (Complaint **Exhibits C and D**), and their subsequent designation of him as their Broker (FAC ¶73). Complaint **Exhibit C** alleges in a March of 2009 email that Plaintiffs had ceased making payments on the Loan at the direction of someone named Ladis. The Emails attached as Complaint **Exhibit D** indicate defendant Duque had spoken with the Lender about postponement of foreclosure sale, not that he had received a commitment to postpone the sale for an indefinite period, or that he had any authority on behalf of the lender to commit to represent that the foreclosure sale would not proceed. Defendant Duque's optimism about seeking a modification of the Loan is not the equivalent of an agreement or contract not to proceed with foreclosure.

### i. Any Modification of the Ability to Enforce the Deed of Trust and Foreclose Would Have to be in Writing

Plaintiffs allege that Ocwen entered into an agreement not to proceed with foreclosure under the Deed of Trust "while their broker and Ocwen were working out a loan modification" (FAC ¶73). This contract was allegedly made either through defendant Duque or to defendant Duque on behalf of Plaintiffs.

Under the statute of frauds, contracts pertaining to an interest in land must be in writing, or are deemed unenforceable. The California Statute of Frauds requires contracts involving the transfer of real property to be in writing. *Cal. Civ. Code* §1624. The statute also requires contracts which cannot be performed in one year to be in writing. Further, the statute of frauds requires a modification to be in writing when the original contract comes within the statute. *Cal. Civ. Code* §1698. The statute of frauds requires reliable evidence of the existence and terms of the contract so as to prevent enforcement through fraud or perjury of a contract that was never in fact made. *Sterling v. Taylor*, 40 Cal. 4th 757, 766 (Cal. 2007). **Loan modification/forbearance agreements are subject to the statute of frauds** *Secrest v. Security Natl. Mortg. Loan Trust 2002-2*, 167 Cal.App.4th 544, 553 (2008) (citing *Civ. Code* §1698(a); *Collins v. Marvel Land Co.*, 13 Cal.App.3d 34, 43 (1970). "A contract coming within the statute of frauds is invalid unless it is … subscribed by the party to be charged or by the party's agent." *Secrest*, 167 Cal.App.4th at 552 [quoting Cal. Civ. Code, §1624.]. Therefore, any purported oral agreement to postpone the foreclosure sale constitutes a modification of the obligations under the original Deed of Trust. *Secrest, supra*, 552-553. To be enforceable, **any** agreement purporting to modify the terms of a mortgage note and/or deed of trust, such as postponing a foreclosure sale, **must** be in writing and subscribed to by the party to be charged, or by the party's agent. *Secrest*, 167 Cal. App. 4th at 553. Pursuant to Cal. Civ. Code § 1698, any purported modification of the Plaintiffs' Loan terms would likewise be governed by the statute of frauds. Further, under *Code Civil Procedure* ("*CCP*") §1971 ("[n]o estate or interest in real property…can be …declared, otherwise than by operation of law, or a conveyance or other instrument in writing.")

Plaintiffs theory of an agreement not to proceed with the foreclosure sale is barred because they do not allege that a **written** agreement regarding a modification of the terms of the Loan as executed by the parties.

Applied here, the alleged oral agreement waiving the express right to proceed with foreclosure proceedings pending further negotiations of a modification constitutes an amendment to the terms of the existing Deed of Trust, because it alters the beneficiary's right to foreclose. Further, California Civil Code §1698 expressly states that:

> Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration. **The statute of frauds (Section 1624) is required to be satisfied if the contract as modified is within its provisions.** *See* Cal. Civ. Code §1698. (Emphasis added).

Thus, under the plain terms of the statute, any modification of an agreement that comes within the statute of frauds must also be in writing to be enforceable. The Deed of Trust comes within the statute of frauds and is required to be in writing. Likewise, any modification of the obligations under the Deed of Trust is also required to be in writing.

### ii. Any Claim for Breach of an Oral Modification Contract Would Further be Time-Barred

Plaintiffs allege that Ocwen breached an agreement not to proceed with foreclosure under the Deed of Trust by the October 30, 2009 foreclosure sale of the Property, however, this lawsuit was not filed until 2 years and 9 months later on August 6, 2012. Under California *Code of Civil Procedure* ("*CCP*") §339, a two-year limitations period applies not to actions for breach of oral or implied contracts and to quasi-contractual actions. *CCP* §339; *Barton v. New United Motor Manufacturing, Inc.*, 43 Cal.App.4th 1200 (1996); *Davies v. Krasna* 121 Cal.Rptr. 705 (1975). Plaintiffs' failure to pursue this alleged oral contract claim until nearly a year after the expiration of the statute of limitations bars their maintaining this cause of action.

**E.**     **Plaintiffs' Negligent Misrepresentation Claim Fails as The Moving Defendants Did Not Make Any Misrepresentation to Them**

Plaintiffs' fifth Claim is for Negligent Misrepresentation, however Defendants bore no duty to Plaintiffs, and the Plaintiffs fail to state any misrepresentation made by Defendants.  To prevail on a negligence claim, Plaintiffs must show, 1) that a defendant owed a legal duty, 2) that it breached the duty, and that 3) the breach was a proximate or legal cause of the injuries.  *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 477 (2001).  The existence and scope of duty are legal questions for the court.  *Id*.  Responsibility for negligent misrepresentation rests upon the existence of a legal duty owed by a defendant to the injured person.  *Eddy v. Sharp*, 199 Cal.App.3d 858, 864 (1988).  Yet, as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. *Nymark v. Hart Federal Savings & Loan Assoc.*, 231 Cal.App.3d 1089, 1096 (1991); *Grant v. Aurora Loan Services, Inc.*, 2010 WL 3517399 (C.D.Cal.2010.  This rule as articulated in *Nymark* has been extended to loan servicers such as defendant Ocwen.  See, e.g., *Marks v. Ocwen Loan Servicing*, 2009 WL 975792, *7 (N.D.Cal., 2009); *De Los Santos v. World Capital Financial*, 2009 WL 649163, *4 (C.D.Cal., 2009).

Plaintiffs' ambiguous and uncertain Negligent Misrepresentation claim rests on the allegation that Ocwen entered into an oral contract not to proceed with foreclosure of the Property.   As stated to above in <u>*Section III (D)*</u>, any oral contract modifying the ability to foreclosue under the Deed of Trust would not be enforceable.   Further, the alleged misrepresentation to Plaintiffs was made by defendant Duque (FAC ¶¶ 85, 86), not Ocwen, Deutsche Bank as Trustee, Ms. Marvel or Ms. Arias.  Plaintiffs fail to allege facts which would show that Defendants had a relationship with her which would create a duty other than that of a lender/creditor.  The only misrepresentation identified was apparently one made by Plaintiffs' own Broker (FAC ¶73).   As such, Plaintiffs' Negligent Misrepresentation claim fails as a matter of law.

**F. Plaintiffs' Claim for Wrongful Foreclosure Fails as The Moving Defendants Did Not Make Any Misrepresentation to Them**

Plaintiffs' three-sentence Wrongful Foreclosure claim is entirely based on alleged invalidity of actions incorporated by reference, yet those have already been shown to fail. To state a cause of action for wrongful foreclosure, the complaint must "state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked." *Kroeker v. Hurlbert*, 38 Cal.App.2d 261, 266 (1940). Non-judicial foreclosures or Trustee's Sales are governed by *California Civil Code* §§ 2924 – 2924i, which is "the comprehensive statutory framework established to govern non-judicial foreclosure sales" and "is intended to be exhaustive." *Moeller v. Lien*, 25 Cal. App.4th 822, 834 (1994); *Homestead Sav. v. Darmiento* 230 Cal. App. 3d 424, 432-433 (1991). Plaintiffs do not support their wrongful foreclosure claim with any facts affecting the validity of the foreclosure sale, and they have conceded they were in default on the Loan (FAC ¶64). Therefore this claim fails as a matter of law.

**G. Plaintiffs' Negligence Claim Fails as Previously State *Supra***

Plaintiffs' seventh claim for Negligence relies on the claims of a generalized duty of care regarding their Loan. It is well-settled that a financial institution does not owe a borrower a general duty of care. *Resolution Trust Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1214 (9th Cir. 1994); *Grant*, 2010 WL 3517399, at *10; *Rosenfeld*, 732 F. Supp. 2d at 969; *Justo v. Indymac Bancorp*, 2010 WL 623715, at *10 (C.D. Cal. Feb. 19, 2010) ("Mere offers to provide alternatives to foreclosure or to modify loans do not create a fiduciary relationship").

The rule applies equally to loan servicers, such as Defendant Ocwen. *Grant*, 2010 WL 3517399, at *10 (dismissing negligence claims against servicer); Castaneda, 687 F. Supp. 2d at 1198 (loan servicer owes no duty of care to borrowers); *Mulato v. WMC Mortgage Corp.*, 2009 WL 3561536, at *3 (N.D. Cal. Oct. 27, 2009) (same); *Kamp v. Aurora Loan Servs.*, 2009 WL 3177636, at *3 (C.D. Cal. Oct. 1, 2009) (same).

Plaintiffs have alleged no duty of Defendants beyond the Loan contract. Therefore no heightened duty was owed to Plaintiffs as also set forth in <u>*Section III (E)*</u> above. Foreclosure

of the Property was a remedy provided for by the Deed of Trust in the event of default on the Loan. Plaintiffs have conceded their own default (FAC ¶63), therefore this claim fails.

Plaintiffs further fail to even mention defendants Ms. Marvel and Ms. Arias. "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to stating a claim for negligence. 'Whether a legal duty exists in a given case is primarily a question of law.'" *Nymark v. Heart Fed. Savings & Loan Ass'n.,* 231 Cal.App.3d 1089, 1096 (1991). Plaintiffs fail a second time in the FAC to allege any basis for claims that defendants Ms. Marvel and Mr. Arias owed or breached any duty of care. This claim should be dismissed with prejudice.

### H. Plaintiffs Fail to Allege a Slander of Title Claim

Plaintiffs allege that Defendants slandered title to the Property by recording the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale because of an alleged Qualified Written Request, this argument fails. To bring a viable claim for slander of title, Plaintiff must establish each of the following four elements: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss. *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal.App.4th 1040, 1050-1051 (2009). "Where a defendant has reasonable grounds for belief in his claim, he has not acted with malice." *See Bonner v. Specialized Loan Serv'g*, 2:10-cv-1267 JCM, 2011 WL 1199998 at *4 (D.Nev. Mar. 28, 2011) (finding that "[a] plaintiff alleging a claim for slander of title must meet a heightened pleading standard"). *Civil Code §§ 2924–2924i* governs non-judicial foreclosures or trustee's sales. *Moeller v. Lien*, 25 Cal.App.4th 822, 834 (1994); *Homestead Sav. v. Darmiento*, *supra* at 432-433. The statutory scheme specifically provides that the foreclosure process may be conducted by the "trustee, mortgagee or **beneficiary or any of their authorized agents**." Civ. Code § 2924 (a)(1)(4) (emphasis added). A person authorized to record the notice of default or the notice of sale includes "**an agent for the mortgagee or beneficiary**, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Civ. Code § 2924 (a)(1)(4) (emphasis added); *also Moeller*, *supra* at 830 ("Upon default by the trustor, the **beneficiary** may declare a default and proceed with a nonjudicial foreclosure sale") (emphasis

added). Plaintiffs fail to plead any facts showing that any document was recorded without the requisite authority. *Permito v. Wells Fargo Bank, N.A.*, 2012 WL 1380322. *7 (N.D.Cal. 2012.

The recordation of the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale were conclusively proper pursuant to the Deed of Trust and were in compliance with California Rules of Civil Procedure. RJN, Exhibit 1, ¶¶ 20, 22, and 24; Cal. Civ. Code § 2924. The recording of foreclosure notices, under Cal. Civ. Code, § 2924(d) such as a Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale are all considered "privileged" publications. Civil Code §2924 (d). As such, there is nothing inherently slanderous about the recording of the foreclosure notice which was statutorily authorized and only arose as a result of Plaintiffs' admitted default on their Loan.

Moreover, the Notice of Default, Notice of Trustee's Sale, Trustee's Deed Upon Sale, and information therein, were not false in that Plaintiffs admit their Loan was in default. (FAC ¶63,Complaint, ¶¶ 25); *see Ramos v. MERS*, 2:08-cv-1089-ECR-RJJ, 2009 WL 5651132 at *4 (D.Nev. Mar. 5, 2009) ("Plaintiffs do not dispute that they were in default on their loan. Nor is it false that the property was to be sold at a trustee's sale…It is not clear, therefore, what Plaintiffs might assert to be false or malicious about the recorded notice"). Civil Code §2932.5, "does not apply to deeds of trust is part of the law of real property in California." *Calvo v. HSBBank USA, N.A.*, 199 Cal.App.4th 118, 123 (2011). "Under Civil Code §2924, no party needs to physically possess the promissory note." *Rogers v. Cal. State Mortgage Co. Inc.*, 2010 WL 144861, *6 (E.D.Cal., 2010) (emphasis added; *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D.Cal., 2009)(citing *Cal Civ.Code*, §2924(a)(1); *Putkkuri v ReconTrust Co.*, 2009 WL 32567 *2 (S.D.Cal., 2009). Plaintiffs have conceded they were in default when the Notice of Default was recorded, and have not pleaded that they tendered the amount due, or brought themselves current on their Loan payments. Plaintiffs' attack on recorded assignment of the Deed of Trust is immaterial, because no assignment need be recorded for a nonjudicial foreclosure to proceed. Plaintiffs' slander claim fails as a matter of law.

**I.** **Plaintiffs' Constructive Trust Fails as This is a Remedy not an Affirmative Claim**

Plaintiffs' attempt to allege constructive trust as a stand-alone cause of action, however this is inappropriate as constructive trust is an equitable remedy. A constructive trust is an equitable remedy which a trial court may employ to prevent a defendant from being unjustly enriched at a plaintiff's expense. *Civ.Code* §2223; *Signal Hill Aviation Co. v. Stroppe*, 96 Cal.App.3d 627, 639 (1979); *Day v. Greene* 59 Cal.2d 404 (1963); *Thompson v. Price* 251 Cal.App.2d 182, 189 (1967). Plaintiffs may not maintain a separate cause of action for constructive trust, and this should be dismissed as a matter of law.

**J.      Plaintiffs' Declaratory Relief Claim Fails as Relying On the Same Allegations and Remedies as Prior Claims**

Plaintiffs' three-sentence declaratory relief claim is fails because declaratory relief is a remedy, not an affirmative claim. Declaratory relief is not an independent claim, but a form of equitable relief. *Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82 (2007). Thus, a dismissal of a claim for declaratory relief is proper where the claim is wholly derivative of other non-viable claims. *Ball v. FleetBoston Financial Corp.*, 164 Cal.App.4th 794, 800 (2008). Plaintiffs have not alleged any basis independent of their other causes of action for claiming for a controversy requiring declaratory relief. Resolution of those claims will by operation resolve the availability of this remedy. As such this purported claim should be dismissed as a matter of law.

**K.      Plaintiffs Have Not Alleged Sufficient Facts to Show Defendants Engaged in Unlawful, Unfair, or Fraudulent Business Acts**

Plaintiffs' eleventh cause of action for violation of the California *Business and Professions Code* §17200 ("§17200") fails because the alleged underlying behavior of Defendants fails as fraudulent, unfair, or illegal. §17200 permits recovery for "any unlawful, unfair, or fraudulent business act or practice…" An action based on this state statute "borrows" violations of other laws when committed pursuant to business activity. *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992). To the extent that Plaintiffs' claim is rooted in fraud, they have failed to satisfy the requirements of *Federal Rule of Civil Procedure* 9(b). These allegations must be accompanied by "the who, what, when, where, and how" of

the misconduct charged.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997.  A §17200 claim must be pled with reasonable particularity [of] the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc*., 14 Cal. App. 4th 612, 619 (1993); *see Bennett v. Suncloud*, 56 Cal. App. 4th 91, 98 (1997) (dismissing unfair competition claim where not stated with specificity).    The viability of §17200 claim hinges on an underlying claim, where those claims are not valid, no §17200 claim survives.  *Whiteside v Tenet Healthcare Corp.*, 101 Cal.App.4th 639, 706 (2002); *Ingels v Westwood One Broadcasting Services, Inc.*, 129 Cal.App.4th 164, 178 (2005).  Further, the concept of vicarious liability has no application to actions brought under the unfair business practices act, liability must be predicated on a party's actual participation in the unlawful practices.  *People v. Toomey* 157 Cal.App.3d 1, 14 (1984).

Plaintiffs' §17200 claim relies on the claim that Defendants engaged in fraudulent actions by recording documents without authority and conducting foreclosures without being entitled to enforcement of the subject debts.  Plaintiff's claims of fraud and unfair acts rely on claims that another defendant (Remington Duque per FAC¶73) misrepresented an oral agreement with Ocwen which was unenforceable under the statute of frauds (See *Section III (D)(i), supra*).  Plaintiffs' §17200 claim fails as a matter of law because the misrepresentation was admittedly not done by Defendants.  Claiming that Defendants failed to conduct due diligence similarly fails as Plaintiffs concede their default in the FAC.  As such, Defendants' motion to dismiss this §17200 claim must be granted.

### L.    Plaintiffs RESPA Claim Fails as A Matter of Law

Plaintiffs' final cause of action for violation of the Real Estate Settlement Procedures Act ("RESPA") fails because Plaintiffs state that they sent a Qualified Written Request ("QWR"), and received a response (FAC ¶170)[1].  Plaintiffs claim they sought to inquire as to the crediting of payments on their account, however they have conceded intentional default on the Loan.  A plaintiff bringing a cause of action under RESPA for failure to respond to a QWR

---

[1] Presumably the response date of August 12, 2013 is incorrect as that date is months into the future.

must allege actual damages. *Williams v. Wells Fargo Bank, N.A., Inc.*, 2010 WL 1463521 (N.D.Cal. Apr. 13, 2010) (collecting cases finding that conclusory allegations of damages were not sufficient). At the pleading stage, plaintiff must include a demonstration of a causal relationship between the alleged damages and the RESPA violation. *Schneider v. Bank of America N.A.* 2013 WL 1281902 *7 (E.D.Cal.,2013). Here the damages (reporting to the credit bureaus, foreclosure, and loss of title) have resulted from Plaintiffs' intentional choice to default on the Loan via nonpayment.

It is unclear when the Plaintiffs sent their alleged QWR, therefore it is unclear whether the claim would also be time barred. "The statute of limitations for a RESPA claim is three years for violations of 12 U.S.C. § 2605 and one year for violations of § 2607 or 2608 'from the date of the occurrence of the violation[.]" *Patague v. Wells Fargo Bank, N.A.*, 2010 WL 4695480 *3 (N.D.Cal. Nov.5, 2010). As such this claim fails and must be dismissed.

## M.  Plaintiffs' Lawsuit is Barred By Collateral Estoppel and the Rooker-Feldman Doctrine

Since judgment has already been entered in favor of Deutsche Bank, as Trustee in the unlawful detainer action, this action is barred. Under the *Rooker-Felman* doctrine, a federal court is without jurisdiction to exercise appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923. This doctrine prevents a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court. *Id.*

Here, Plaintiffs' claims are barred under collateral estoppel because the issues in Plaintiffs' Complaint could have been raised in the unlawful detainer action, but the Plaintiffs chose not to appear and defaulted. (**"Exhibits E and F"**); *In Re Cantrell*, 329 F.3d 1119 (9th Cir.2003). The unlawful detainer action was reduced to judgment in favor of Deutsche Bank, as Trustee. (**"Exhibits E and F"**). Further, the *Rooker-Felman* doctrine precludes Plaintiffs from challenging the validity of the foreclosure. Plaintiffs are precluded from seeking appellate review of the state court judgment at the federal district court level. *Rooker*, 263 U.S. at 415-16. The Complaint should be dismissed.

N.        **Plaintiffs Are Judicially Estopped From Asserting the Claims in This Suit Against Defendants**

Plaintiffs are judicially estopped from prosecuting this action because they failed to disclose the claims asserted in their Complaint against the Defendants as assets in the schedules to their fourteen bankruptcy petitions or in an Opposition motion to Deutsche Bank, as Trustee's motion for relief from stay.

Plaintiffs filed **fourteen** Chapters 7 and 13 bankruptcies and created a bankruptcy estate. 11 U.S.C. § 348 (f); *see* **Exhibit K**.  Plaintiff's bankruptcy estate consisted of "all legal or equitable interests of the debtor in property as of the commencement of the case" and "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541 (a)(7).[2]  Bankruptcy Code requires debtors to schedule all assets in their bankruptcy petitions. *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001).  The debtor has a duty to prepare bankruptcy schedules and statements carefully, completely, and accurately, and bears the risk of nondisclosure.  *Id.* at 946-949.

Here, Plaintiffs' alleged claims against Deutsche Bank, as Trustee, Ocwen, Ms. Marvel, and Ms. Arias accrued prior to the date of filing (foreclosure occurred in 2009) of their bankruptcy petitions (first bankruptcy petition was filed in 2010). **(*See* Complaint and Exhibits A and B)**.  Accordingly, these claims should have been disclosed to the bankruptcy court and should have been listed in Plaintiffs' bankruptcy schedules as assets of the estate.  Plaintiffs have failed to do so either at the commencement of any of their fourteen bankruptcy proceedings or by amending any of their fourteen bankruptcy schedules. **(*See* Exhibits K and L)**.  They did not disclose the claims asserted in their Complaint as assets in their Schedule B

---

[2] **Section 541's definition of "property" is interpreted broadly to include causes of action**.  *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707-709 (9th Cir. 1986); *see also Cloud v. Northrupp Grumman Corp.* 67 Cal.App.4th 995, 1001 (Cal.App.1998) (after chapter 7 bankruptcy filing, all causes of action previously possessed become property of the bankrupt estate).

or even file an opposition to Defendant Deutsche Bank, as Trustee's motions for relief from stay. (***See*** **Exhibits K and L**).

"Judicial estoppel is a flexible equitable doctrine based on the estoppel of inconsistent positions in which a litigant who has obtained one advantage through the court by taking a particular position is not thereafter permitted to obtain a different and inconsistent advantage by taking a different position." *In re JZ L.L.C.*, 371 B.R. 412, 420 (9th Cir. BAP 2007) "In the case of omitted assets in bankruptcy, the initial position is that there is no asset, the later inconsistent position is that there is an asset… The debtor need only have gained some advantage through the court's acceptance of the initial position…" *Id.* at 420-421. **A debtor who fails to disclose claims as assets of the estate to the bankruptcy court should "be subjected to equitable constraints with respect to such property" and should be judicially stopped from re-asserting such claims in a subsequent litigation**. *Id.* at 421.

Plaintiffs have failed to disclose their claims against Defendants in their bankruptcy schedules despite fourteen opportunities to do so. (***See*** **Exhibits K and L**). Each of the cases was dismissed for various reasons including failure to make plan payments, failure to pay the filing fee, and failure to provide information. (***See*** **Exhibit K**). However, Plaintiffs sought discharge based on the information provided in the schedules and none of the schedules disclosed their claims against Defendants. They should not be permitted to now profit from their failure to schedule their claims against Defendants by being able to now assert them in this litigation.

///
///
///
///
///
///

# IV.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Plaintiffs' Complaint be dismissed in its entirety with prejudice and for any other relief as this Court deems just and proper.

Dated:   May 13, 2013

                                                   **HOUSER & ALLISON**
                                                   A Professional Corporation


                                                   */s/  Steve W. Pornbida*
                                                   Steve W. Pornbida
                                                   Attorneys for Defendants,
                                                   Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2003-HE1, Mortgage Pass-Through Certificates, Series 2003-HE1 erroneously sued as Deutsche Bank National Trust Company; Ocwen Loan Servicing, LLC; Denise A. Marvel; and Leticia N. Arias

---

[i] According to California Civil Code §1084, "The transfer of a thing transfers also all its incidents, unless expressly excepted; but the transfer of an incident to a thing does not transfer the thing itself."  Generally, a conveyance of property carries with it by implication all incidents rightfully belonging to and essential to full enjoyment of such property at time of conveyance. *Trask v. Moore*, 24 Cal.2d 365, 370-371 (1944).  Thus any address falling on the land identified in the Legal Description attached to the Deed of Trust would also be secured.

# PROOF OF SERVICE

STATE OF CALIFORNIA         )
                                  ) ss

COUNTY OF LOS ANGELES     )

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

       On May 15, 2013, I served the following document(s):

**DEFENDANTS DEUTSCHE BANK, AS TRUSTEE, OCWEN, DENISE MARVEL, AND LETICIA N. ARIAS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

       On the following interested parties in this action described as follows:

Lenore LuAnn Albert, Esq.
Law Offices of Lenore Albert
7755 Center Ave., Ste. 1100
Huntington Beach, CA 92647
Tel.:   714-372-2264
Fax:   419-831-3376
Email: docket@interactivecounsel.com

[X]     **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

       I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

       Executed on May 15, 2013, in Long Beach, California.


                                      /s/ Jennifer Jovich
                                      Jennifer Jovich