**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| LORENSO PASILLAS, AMELIA PASILLAS, | ) ) ) | Case No.: 12-CV-04123-LHK |
| Plaintiffs, | ) ) ) | ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |
| v. | ) ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs Lorenso and Amelia Pasillas ("Plaintiffs") bring this action based on a loan obtained in 2002 and on the subsequent foreclosure proceedings instituted against them. First Am. Compl. ("FAC") ECF No. 27. Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), Leticia N. Arias, and Denise A. Marvel (collectively, "Deutsche Bank Defendants") move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. ECF No. 36. Defendant Remington Duque ("Duque") also moves to dismiss under Rule 12(b)(6), ECF No. 48,[1] as do Defendants Aztec Foreclosure Corporation ("Aztec"), Robbie "Roberta" L. Weaver, Elaine

---

[1] Duque moves, in the alternative, for a more definitive statement under Federal Rule of Civil Procedure 12(e). ECF No. 48. Because the Court GRANTS Duque's Motion to Dismiss for failure to state a claim, the Court DENIES as moot Duque's Rule 12(e) argument.

1    Malone, and Tianna Alvarado  (collectively, " Aztec Defendants"). ECF Nos. 49, 75. Plaintiffs

2    failed to timely oppose either the Deutsche Bank Defendants' or Duque's Motions; however, they

3    did file a timely Opposition to the Aztec Defendants' Motion, ECF No. 60. Both Duque and the

4    Aztec Defendants replied. ECF Nos. 62, 63. Pursuant to Civil Local Rule 7–1(b), the Court finds

5    this matter appropriate for resolution without oral argument and hereby VACATES the Hearings

6    on these Motions scheduled for September 19, 2013, and December 12, 2013. The Court continues

7    the September 19, 2013 Case Management Conference to January 8, 2014, at 2:00 p.m. Having

8    considered the submissions of the parties and the relevant law, and for good cause shown, the

9    Court hereby GRANTS Defendants'[2] Motions to Dismiss without prejudice.

10   **I.        BACKGROUND**

11           **A.        Factual Allegations**

12           This case arises out of a mortgage Plaintiffs obtained in 2002 in order to purchase a farm in

13   Hollister, California. *See* FAC ¶¶ 19, 22, 25. On March 13, 2009, Plaintiffs received a notice that

14   they were in default on this mortgage based on a failure to make payments beginning on December

15   1, 2008. FAC ¶¶ 29-30. Plaintiffs claim that this notice was erroneous, because they had, in fact,

16   made timely payments at least through the end of 2008. FAC ¶ 32 (chart displaying payments made

17   by Plaintiffs in 2008). Notwithstanding the error in the notice, Plaintiffs allege that Defendants

18   proceeded to foreclose on Plaintiffs' farm, and that the property was sold to Deutsche Bank, the

19   beneficiary on the deed of trust, at auction on October 30, 2009. FAC ¶¶ 31, 80. Although Plaintiffs

20   acknowledge elsewhere in the FAC that they eventually did fall behind on their mortgage

21   payments, *see* FAC ¶ 64 ("On or about February 2009, Plaintiffs fell behind in their payments

22   . . . ."), and that they ceased making payments entirely while attempting to negotiate a loan

23   modification, *see* FAC ¶¶ 69-70, they nevertheless allege that the incorrect notice of default was a

24   proximate cause of their losing their home to foreclosure. *See* FAC ¶¶ 32-39.

25           Plaintiffs allege that there were other irregularities in the foreclosure process on their home,

26   including failure to properly comply with the procedures for nonjudicial foreclosure, FAC ¶¶ 47-

27   _____

28   [2] Although Defendants are distinct individuals and entities who have filed separate motions to
     dismiss, it is rarely necessary to distinguish among them. Accordingly, the Court refers to them
     collectively as "Defendants" unless circumstances require otherwise.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**United States District Court**
For the Northern District of California

62, and improper transfer of the deed of trust from the original loan company to Deutsche Bank,

FAC ¶¶ 114-150. Plaintiffs also bring a claim against Duque for alleged wrongdoing in connection

with Plaintiffs' efforts to obtain a loan modification. FAC ¶¶ 63-83. As relief for Defendants'

various purported misdeeds, Plaintiffs ask the Court to set aside the sale of their farm and also

request damages, attorney's fees, and costs. FAC at 26.

### B.   Procedural History

Plaintiffs filed their Original Complaint on August 6, 2012. ECF No. 1. Defendants filed a

Motion to Dismiss the Original Complaint on October 24, 2012. ECF No. 15. Plaintiffs did not

respond to Defendants' Motion, but instead filed the FAC on April 11, 2013. ECF No. 27. In light

of Plaintiffs having filed the FAC, Defendants withdrew their Original Motion to Dismiss. ECF

No. 38.

The Deutsche Bank Defendants filed a Motion to Dismiss the FAC on May 15, 2013. ECF

No. 36. Plaintiffs did not respond to this Motion. Defendant Duque filed a separate Motion to

Dismiss the FAC on June 11, 2013. ECF No. 48. Plaintiffs did not file their response to this Motion

until July 10, 2013, well past the 14-day deadline imposed by Civil Local Rule 7-3(a). ECF No.

59.[3] Duque filed a Reply, in which he objected to the filing of an untimely Opposition, on July 17,

2013. ECF No. 63.

Aztec filed its Motion to Dismiss the FAC on June 26, 2013. ECF No. 49.[4] Plaintiffs filed

an Opposition, this one timely, on July 10, 2013. ECF No. 60. Aztec filed a Reply on July 17,

---

[3] Plaintiffs did not seek leave to file an untimely Opposition, nor do they otherwise identify any good cause for the delay. Accordingly, the Court will not consider Plaintiffs' Opposition to Duque's Motion to Dismiss.

[4] The parties have filed an assortment of Requests for Judicial Notice in conjunction with their briefs. *See* ECF No. 37 (Deutsche Bank Defendants' Request for Judicial Notice in connection with their Motion to Dismiss the FAC); ECF No. 50 (Aztec Defendants' Request for Judicial Notice in Connection with their Motion to Dismiss the FAC); ECF Nos. 77, 78 (Plaintiffs' Requests for Judicial Notice in connection their Oppositions to the Motions to Dismiss). These Requests ask the Court to take judicial notice of a variety of public documents related to Plaintiffs' loan, as well as to related filings in other courts. None of these Requests is opposed.

A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The documents for which the parties request judicial notice are all matters of public record, and the Court finds that they are not subject to reasonable dispute and are proper subjects of judicial notice. Accordingly, the Court GRANTS all parties' Requests for Judicial Notice, though it notes that none of the judicially noticed documents are ultimately relevant to its conclusions in this Order.

3

2013. ECF No. 62. On August 15, 2013, Defendants Alvarado, Malone, and Weaver—who had only just been served in the case—filed a "Notice of Joinder" in Aztec's Motion to Dismiss. ECF No. 75. Plaintiffs filed a Response to the Notice of Joinder, ECF No. 76, to which the Aztec Defendants replied. ECF No. 80.[5]

## II.      LEGAL STANDARDS

### A.      Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

---

[5] Plaintiffs' Response to the Notice of Joinder does not object to the joinder *per se*, but rather reiterates arguments made in Plaintiffs' Opposition to Aztec's Motion to Dismiss. *See* ECF No. 76. The Response adds some new arguments as well. *See id.* The Aztec Defendants ask the Court to strike this Response, arguing that it is an improper attempt to file a second brief in opposition to Aztec's Motion to Dismiss. *See* ECF No. 80 at 2. The Court agrees with the Aztec Defendants that Plaintiffs' Response to the Notice of Joinder is a thinly veiled attempt to have an unauthorized second bite at responding to the Aztec Defendants' Motion to Dismiss, and disregards the Response accordingly. The Court notes that even if it were to consider the Response, nothing contained therein would persuade the Court to reach a different conclusion regarding the various Motions to Dismiss.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

2    Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in

3    the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

4    curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory

5    allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

6    *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

7    Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that

8    [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

9    1997) (internal quotation marks omitted).

10        **B.    Leave to Amend**

11        If the Court determines that the complaint should be dismissed, it must then decide whether

12   to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

13   "should be freely granted when justice so requires," bearing in mind that "the underlying purpose

14   of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or

15   technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation

16   marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to

17   'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure

18   deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and]

19   futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir.

20   2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

21   **III.    DISCUSSION**

22        Although Defendants identify numerous deficiencies in Plaintiffs' FAC, the Court need

23   address only one. Plaintiffs' RESPA claim is the only federal claim in this lawsuit, and, for the

24   reasons that follow, the Court concludes that Plaintiffs fail to state a claim for violation of this

25   statute. Having reached this conclusion, the Court declines to exercise supplemental jurisdiction

26   over Plaintiffs' remaining state-law claims.

27

28

**United States District Court**
For the Northern District of California

### A.     RESPA

Under RESPA, a loan servicer has a duty to respond to a borrower's "qualified written request" ("QWR") for "information relating to the servicing of [his] loan." 12 U.S.C. § 2605(e)(1)(A). Plaintiffs allege that Defendants violated Section 2605(e) by: (a) "failing to provide a written response acknowledging receipt of the Plaintiff[s'] [QWR] no later than 20 days after receipt of the request," FAC ¶ 170;[6] (b) "failing to make appropriate corrections to the Plaintiff[s'] account in response to the [QWR], including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to the Plaintiff[s] no later than 60 days after receipt of the Plaintiff[s'] [QWR]," FAC ¶ 171; (c) "failing to provide the Plaintiff[s] with the information and documentation requested, or an explanation why the information sought was unavailable, no later than 60 days after receipt of the Plaintiff[s'] [QWR]," FAC ¶ 173; (d) "refusing to cease [] collection efforts and foreclosure proceedings after receiving the Plaintiff[s'] [QWR]," FAC ¶ 174; and (e) "providing information to consumer reporting agencies regarding overdue payments allegedly owed by the Plaintiff[s] that were related to [their] [QWR]," FAC ¶ 175. Plaintiffs further allege that Defendants have "engaged in a pattern or practice of non-compliance" with RESPA, FAC ¶ 176, though they provide no further specifics concerning this allegation.

Plaintiffs' RESPA allegations fail for multiple reasons. Initially, the Court notes that Section 2605(e) appears to impose duties on loan servicers only. *See, e.g.*, 12 U.S.C. § 2605(e) ("Duty of loan servicer to respond to borrower inquiries"); § 2605(e)(2) (within a certain number of days of receiving a QWR, "the servicer shall" undertake certain actions). Ocwen is the only loan servicer identified in this case, however, and the FAC fails to explain how or why the remaining, non-loan servicer Defendants can be held liable for violations of 12 U.S.C. § 2605(e).

In addition, while the FAC alleges that Ocwen's response to Plaintiffs' QWR was untimely, *see* FAC ¶¶ 170, 173, the FAC nowhere states *when* Plaintiffs sent the QWR. Without this

---

[6] RESPA was amended, effective July 20, 2011, to shorten the time afforded loan servicers to respond to QWRs. Pub. L. No. 111-203, tit. XIV, § 1463 (2010). Plaintiffs' allegations date from 2009, prior to these amendments. Consequently, the 20- and 60-day deadlines identified in the FAC apply in this case.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1    allegation, the Court finds that Plaintiffs have not stated a claim for violation of Section 2605(e)'s

2    timing provisions that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

3         Furthermore, the FAC fails to allege damages with even the remotest degree of specificity.

4    Courts routinely hold that a claim based on a loan servicer's failure to respond to a QWR must

5    allege actual damages, *see, e.g.*, *Williams v. Wells Fargo Bank, N.A., Inc.*, No. 10-399, 2010 WL

6    4695480, at *3 (N.D. Cal. Apr. 13, 2010) (citing cases), as well as a causal relationship between

7    the alleged damages and the RESPA violation, *see, e.g.*, *Schneider v. Bank of America N.A.*, No.

8    11-2953, 2013 WL 1281902, at *7 (E.D. Cal. Mar. 26, 2013) (citing cases). Here, however, the

9    FAC alleges only that "[a]s a result of defendant's violation, plaintiff[s] [are] entitled to damages,

10   attorney's fees and costs." FAC ¶ 177. This bare, conclusory allegation is insufficient to survive a

11   motion to dismiss, particularly where, as here, other allegations in the FAC suggest that the

12   damages Plaintiffs suffered—foreclosure, reduced credit rating, etc.—may well have been caused

13   by Plaintiffs' failure to pay their mortgage, rather than by Ocwen's failure to properly respond to

14   their QWR. *See, e.g.*, FAC ¶ 32 (listing mortgage payments up to, but not after, December 29,

15   2008); ¶ 64 ("On or about February 2009, Plaintiffs fell behind in their [mortgage] payments. . . .");

16   *see also, e.g.*, *Singh v. Wash. Mut. Bank*, No. 09-2771, 2009 WL 2588885, at *5 (N.D. Cal. Aug.

17   19, 2009) (dismissing a similar RESPA claim for failure to adequately allege damages when sole

18   allegation concerning damages was that the defendants "are liable for actual damages, costs, and

19   attorney fees" (internal quotation marks omitted)).

20        Finally, the Court notes that Plaintiffs' RESPA claim is generally vague and is really little

21   more than a "formulaic recitation[s] of the elements of a cause of action." *Iqbal*, 556 U.S. at 678

22   (internal quotation marks omitted). Should Plaintiffs elect to replead their RESPA claim in an

23   amended complaint, they would be well-advised to be more specific in explaining their allegations.

24        Given the numerous deficiencies in Plaintiffs' RESPA claim, the Court DISMISSES this

25   claim as to all Defendants. Because Plaintiffs may be able to plead this claim with greater

26   specificity, however, this dismissal is without prejudice.

27

28

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

### B.    Supplemental Jurisdiction

Because the parties are non-diverse, *see* FAC ¶¶ 4-5 (stating that both Plaintiffs and Deutsche Bank are citizens of California), the now-dismissed RESPA claim provides the sole basis for federal subject matter jurisdiction in this case. While a federal court may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937–38 (9th Cir. 2003) (Section 1367(c) grants federal courts the discretion to dismiss state-law claims when all federal claims have been dismissed). A court, in considering whether to retain supplemental jurisdiction, should consider factors such as "economy, convenience, fairness, and comity," *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted); however, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state[-]law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

The balance of factors in this case points in favor of dismissing Plaintiffs' remaining state-law claims. This case has yet to proceed beyond the pleadings and there has been no discovery conducted to date. Few judicial resources are wasted by dismissing the case at this stage, and dismissal promotes comity by allowing the California courts to interpret state law in the first instance. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state-law causes of action in the FAC.

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss the FAC without prejudice. Should Plaintiffs elect to file a Second Amended Complaint curing the deficiencies discussed herein, they shall do so within 21 days of the date of this Order. Failure to

8

meet the 21-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice. Plaintiffs may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: September 17, 2013

_____

LUCY H. KOH
United States District Judge

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT