1 ERIC D. HOUSER (SBN 130079)
STEVE W. PORNBIDA (SBN 248359)
2 HOUSER & ALLISON, APC
3780 Kilroy Airport Way, Suite 130
3 Long Beach, California 90806
4 Tel: (562) 256-1675
Fax: (562) 256-1685
5 Email: spornbida@houser-law.com

6 Attorneys for Defendants,
7 Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2003-HE1, Mortgage
Pass-Through Certificates, Series 2003-HE1 (erroneously sued as Deutsche Bank National Trust
8 Company); Ocwen Loan Servicing, LLC; Denise A. Marvel; and Leticia N. Arias

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENSO PASILLAS, AMELIA PASILLAS,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, OCWEN LOAN SERVICING LLC, AZTEC FORECLOSURE CORPORATION, PERRY AND SHAPIRO LLP, ROBBIE "ROBERTA" L. WEAVER, ELAINE MALONE, TIANNA ALVARADO, DENISE A. MARVEL, LETICIA N. ARIAS, KATHERINE S. WALKER, EVAN F. ANDERSON, REMINGTON DUQUE and DOES 1-25,<br><br>Defendants. | Case No. 5:12-cv-04123-PSG<br><br>**DEFENDANTS DEUTSCHE BANK, AS TRUSTEE, OCWEN, DENISE MARVEL, AND LETICIA N. ARIAS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(4)(5)(6), and 12(f)]<br><br>Honorable Lucy H. Koh<br><br>Date: March 13, 2014<br>Time: 1:30 p.m.<br>Courtroom: 8, Fourth Floor |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 13, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 8, Fourth Floor of the above-entitled Court located at 280 South First Street, San Jose, California, 95113, defendants Deutsche Bank National Trust

**DEFENDANTS' MOTION TO DISMISS**

1

| | |
|---|---|
| 1 | Company, as Trustee for GSAMP Trust 2003-HE1, Mortgage Pass-Through Certificates, |
| 2 | Series 2003-HE1 erroneously sued as Deutsche Bank National Trust Company ("Deutsche |
| 3 | Bank, as Trustee"); Ocwen Loan Servicing, LLC ("Ocwen"); Denise A. Marvel ("Ms. |
| 4 | Marvel"); and Leticia N. Arias ("Ms. Arias") will and hereby do move the Court to dismiss the |
| 5 | Second Amended Complaint of Plaintiffs Lorenzo Pasillas and Amelia Pasillas (collectively |
| 6 | "Plaintiffs"). |

This motion is made and based upon Fed. R. Civ. P. 12(b)(6) and 12(f) on the grounds that the claims contained in Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, documents subject to Judicial Notice, and upon all pleadings, papers, and documents on file herein, as well as any oral argument which may be presented at the time of the hearing or any matters of which judicial notice is requested and/or taken.

Dated:   October 18, 2013

**HOUSER & ALLISON**
A Professional Corporation

/s/ *Steve W. Pornbida*

Steve W. Pornbida
Attorney for Defendants,
Deutsche Bank National Trust Company, as
Trustee for GSAMP Trust 2003-HE1,
Mortgage Pass-Through Certificates, Series
2003-HE1 erroneously sued as Deutsche
Bank National Trust Company; Ocwen Loan
Servicing, LLC; Denise A. Marvel; and
Leticia N. Arias

**DEFENDANTS' MOTION TO DISMISS**
2

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II. BACKGROUND FACTS ..................................................................................... 1

III. ARGUMENT ........................................................................................................ 3

   A.  Plaintiffs RESPA Claim Fails as A Matter of Law Against Nearly All Defendants Because RESPA's Response Obligations are Limited to the Servicer ........................... 3

   B.  Plaintiffs RESPA Claim Fails as a Matter of Law Because Plaintiffs' Alleged QWR Was Not Sent to Ocwen ................................................................................................ 4

   C.  Plaintiffs RESPA Claim Fails Because Ocwen Was Not Servicing the Loan When the QWR Was Sent to Deutsche Bank, as Trustee ............................................................. 5

   D.  Plaintiffs RESPA Claim Fails as a Matter of Law Because No Damages Resulted ........ 5

   E.  Plaintiffs' Lawsuit is Barred By Collateral Estoppel and the Rooker-Feldman Doctrine 7

   F.  Plaintiffs Are Judicially Estopped From Asserting the Claims in This Suit Against Defendants ..................................................................................................................... 7

IV. CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Agnew v. Avdin Corp.*, Civ. A. No. 88-3436, 1988 WL 92872 ...................................................... 6

*Anokhin v. BAC Home Loan Serv., LP*, 2010 WL 3294367, *3 ........................................................ 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 .......................................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 ............................................................................ 3

*Bever v. Cal–Western Reconveyance Corp.*, 2012 WL 2522563, *4 ................................................ 6

*Brothers v. Bank of America, N.A.*, 2012 WL 4471590 *3 ............................................................ 4

*Castaneda v. Saxon Mortg. Servs.*, 687 F.Supp .2d 1191 ............................................................. 3

*Cavil v. Trendmaker Homes, Inc.*, 2012 WL 170751 *3 ................................................................ 5

*Cusano v. Klein*, 264 F.3d 936 ................................................................................................... 8

*Fantroy v. First Financial Bank, N.A.*, 2013 WL 4434913 *9 ........................................................ 5

*In Re Cantrell*, 329 F.3d 1119 .................................................................................................... 7

*In re JZ L.L.C.*, 371 B.R. 412 ...................................................................................................... 9

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 ............................................................................................ 6

*Lal v. Am. Home Serv., Inc.*, 680 F.Supp.2d 1218 ....................................................................... 6

*Philadelphia's Church of Our Savior v. Concord Township*, 2004 WL 1824356 ........................... 6

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 .................................................................................. 7

*Sanchez v. Onewest Bank, FSB* 2013 WL 139870 *3 .................................................................... 5

*Schneider v. Bank of America N.A.*, 2013 WL 1281902 *7 ........................................................... 6

*Sprewell v. Golden State Warriors*, 266 F.3d 979 ....................................................................... 4

*Stewart v. Wachowski*, 2004 WL 5618386 *2 ............................................................................. 6

*Tidwell v. JPMorgan Chase Bank, N.A.*, 2013 WL 5539414 *11 ................................................... 5

*United States ex rel. Alasker v. CentraCare Health Systems, Inc.*, 2002 WL 1285089 ................. 6

*Williams v. Wells Fargo Bank, N.A., Inc.*, 2010 WL 1463521 ...................................................... 5

**Statutes**

11 U.S.C. § 348 (f) ..................................................................................................................... 8

11 U.S.C. § 541(a)(7) ................................................................................................................. 8

12 U.S.C. § 2605(e) ................................................................................................................... 3

12 U.S.C. § 2605(e)(1)(A) ...................................................................................................... 4, 5

12 U.S.C. § 2605(e)(1)(B)(I) ...................................................................................................... 4

12 U.S.C. § 2605(e)(1)(B)(ii) ..................................................................................................... 4

12 U.S.C. § 2605(i)(2) ............................................................................................................. 3

12 U.S.C. § 2605(i)(3) ............................................................................................................. 3

12 U.S.C. §§ 2605(i)(3) ........................................................................................................... 5

24 C.F.R. § 3500.21(e)(2)(ii) ................................................................................................... 5

Fed.R.Civ.Proc. 12(f) ............................................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter arises from a residential foreclosure that was lawfully conducted three years ago, on October 30, 2009. Since that sale, Defendant Deutsche Bank, as Trustee has attempted to secure possession of the subject property, while Plaintiffs have continued to live in the property without paying their loan, rent, taxes or insurance. Lorenzo Pasillas and Amelia Pasillas' (the "Pasillas") bring their Second Amended Complaint ("SAC") for a single cause of action alleging violation of the Real Estate Settlement Procedures Act ("RESPA").

This case, like the numerous cases before is just an attempt to hinder their eviction and lockout. Plaintiffs have a lengthy history of bad faith filings, which includes **fourteen** bankruptcy filings and a prior identical civil litigation in the same Court that was dismissed for failure to prosecute. The exhibits to the SAC indicate that Plaintiffs' alleged Qualified Written Request ("QWR") from 2012 were not even sent to the former servicer Ocwen. Plaintiffs' SAC is fatally defective and should be dismissed without further leave to amend.

## II. BACKGROUND FACTS

In November 2002, Plaintiffs executed a deed of trust and a promissory note in the amount of $600,000.00 in favor of New Century Mortgage Corporation to secure the financing of the property located at 7278 Lovers Lane, Hollister, CA 95023 (the "Property").[i] (Request for Judicial Notice (RJN) **"Exhibit A and N"**). The beneficiary interests in the note and deed of trust were assigned to Deutsche Bank, as Trustee in 2003. (RJN **"Exhibit B"**). On March 11, 2009, Aztec Foreclosure Corporation was substituted as trustee in place of the original trustee, Fidelity National Title. (RJN **"Exhibit C"**). Plaintiffs admit in their Complaint and FAC that they defaulted on their loan payments. (Complaint ¶25, FAC ¶64)**.** Accordingly, foreclosure proceedings were initiated and the property was sold to Deutsche Bank, as Trustee on October 30, 2009. (RJN **"Exhibits D and M"**).

Complaints for unlawful detainer were filed and judgments for possession were entered on January 22, 2010 and April 14, 2010. (RJN **"Exhibits E and F"**).

To hinder their eviction and lockout, Plaintiffs filed a prior lawsuit in December 2011. It was dismissed in April 2012 because Plaintiffs failed to pursue their claims. (RJN **"Exhibit G"**). Plaintiffs also filed no less than **fourteen** bankruptcy proceedings. Lorenso Pasillas' last bankruptcy proceeding, in July 2012, resulted in a dismissal and the Court directed that Lorenso Pasillas was barred for 2 years from re-filing a new bankruptcy case without prior Bankruptcy Court permission. (RJN **"Exhibit H"**). A similar Order was granted against Amelia Pasillas barring her from re-filing for one year. (RJN **"Exhibit I"**). Notwithstanding the Court Order, Plaintiffs still attempted to file bankruptcy proceedings in bad faith. (RJN **"Exhibit J"**). Plaintiffs' **fourteen** bankruptcy proceedings are listed as follows (RJN **"Exhibits K and L"**):

| Debtor | Date | Case No. |
|---|---|---|
| Amelia Pasillas | 2/4/2010 | 10-51109-MM13 |
| Amelia Pasillas | 4/29/2010 | 10-54464-CN13 |
| Lorenso Pasillas | 8/6/2010 | 10-58135-CN13 |
| Lorenso Pasillas | 10/5/2010 | 10-60399-SLJ13 |
| Lorenso Pasillas | 11/12/2010 | 10-61728-CN13 |
| Maria C. Pasillas | 1/19/2011 | 11-50449-SLJ13 |
| Maria C. Pasillas | 3/29/2011 | 11-52897-CN13 |
| Christina Pasillas | 5/16/2011 | 11-54655-CN-13 |
| Amelia Pasillas | 7/8/2011 | 11-56411-CN-13 |
| Amelia Pasillas | 9/14/2011 | 11-58573-CN-13 |
| Lorenso Pasillas | 11/30/2011 | 11-60976-CN-13 |
| Lorenso Pasillas | 4/16/2012 | 12-52845-CN-13 |
| Lorenzo Pasillas, Jr. | 5/31/2012 | 12-54126-ASW-7 |
| Lorenzo Pasillas, Jr. | 7/24/2012 | 12-55457-SLJ-7 |

III. <u>ARGUMENT</u>

    **A. Plaintiffs RESPA Claim Fails as A Matter of Law Against Nearly All Defendants Because RESPA's Response Obligations are Limited to the Servicer**

Plaintiffs' cause of action for violation of RESPA fails because Plaintiffs state that they sent a QWR to Ocwen in 2012, and received a response (FAC ¶170) which they deem insufficient. RESPA defines a "servicer" as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under RESPA, only a loan servicer has a duty to respond to a QWR. 12 U.S.C. § 2605(e). RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest ... with respect to the amounts received from the borrower...." 12 U.S.C. § 2605(i)(3). Therefore, to state a claim based on a failure to respond to a QWR, Plaintiff must also allege that each defendant against whom the claim is brought was a loan servicer. *Castaneda v. Saxon Mortg. Servs.*, 687 F.Supp .2d 1191, 1199 (E.D.Cal.2009).

In this case, Deutsche Bank, as Trustee, Ms. Marvel, and Ms. Arias are not alleged to be servicers of the Loan. SAC ¶¶ 112-113. Deutsche Bank, as Trustee is alleged to be the current title holder of the Property after the October 30, 2009 foreclosure sale. SAC ¶5. Ms. Arias is alleged to be an employee of Ocwen. SAC ¶12. Ms. Arias is alleged to be a robo-signer who signs as Attorney-in-Fact for Ocwen. SAC ¶11. Only Ocwen is alleged to have been the servicer and have accepted payments on the Loan prior to the foreclosure sale on October 30, 2009. SAC ¶¶ 56, 31. Plaintiffs therefore cannot state a claim any defendant other than Ocwen for failure to respond to the alleged QWR because they had no obligation to do so. Motion to dismiss without further leave to amend should be granted in favor of Deutsche Bank, as Trustee, Ms. Marvel, and Ms. Arias.

### B. Plaintiffs RESPA Claim Fails as a Matter of Law Because Plaintiffs' Alleged QWR Was Not Sent to Ocwen

Plaintiffs' SAC Exhibits indicate their QWR was sent to Deutsche Bank as Trustee, not Ocwen. To constitute a QWR, the written correspondence must meet certain requirements. First, it has to request "information relating to the servicing" of his loan. 12 U.S.C. § 2605(e)(1)(A). Second, the letter must include sufficient information to allow the loan servicer to identify the borrower's name and account. 12 U.S.C. § 2605(e)(1)(B)(I). Third, the letter must "include[ ] a statement of the reasons for the belief of the borrower ... that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). In deciding a motion to dismiss under Rule 12(b)(6), a court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibits to the Complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001), amended by 275 F.3d 1187 (2001). "Any defendant served with a QWR who was not servicing Plaintiff's loan at the time was not obligated to respond, and therefore cannot be liable" *Brothers v. Bank of America, N.A.*, 2012 WL 4471590 *3 (N.D.Cal., 2012).

Plaintiffs attach the purported QWR at issue to their SAC (ECF No 91, Pgs 36-57). Plaintiffs' QWR is addressed to Deutsche Bank as Trustee at an address in Santa Ana, California. SAC, Pg 37. Plaintiffs' Certified Mail Receipt indicates the QWR was delivered to Deutsche Bank as Trustee in Santa Ana, California. SAC, Pg 36. Plaintiffs acknowledge that Deutsche Bank as Trustee was not the servicer of their Loan. Deutsche Bank as Trustee therefore had no obligation to respond to their QWR. Plaintiffs' QWR was not sent to Ocwen, the only party alleged to have serviced their Loan. Therefore Plaintiffs cannot plausibly claim a breach of obligation under the QWR, and the SAC should be dismissed as a matter of law.

///

///

### C. Plaintiffs RESPA Claim Fails Because Ocwen Was Not Servicing the Loan When the QWR Was Sent to Deutsche Bank, as Trustee

The foreclosure sale of the Property occurred in October of 2009, however Plaintiffs' alleged QWR was not sent until years after the sale in 2012. A QWR must relate to the "servicing" of the loan, which is defined as "receiving any scheduled periodic payments from a borrower" and "making the payments of principal and interest ... received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. §§ 2605(i)(3), 2605(e)(1)(A). However, a "written request does not constitute a [QWR] if it is delivered to the servicer more than 1 year after either the date of transfer of servicing or the date that the mortgage servicing loan amount was paid in full, whichever date is applicable." 24 C.F.R. § 3500.21(e)(2)(ii). Further, a written request does not qualify as a QWR under federal law where sent after the completion of a foreclosure sale. *Tidwell v. JPMorgan Chase Bank, N.A.*, 2013 WL 5539414 *11 (N.D.Cal., 2013); *Sanchez v. Onewest Bank, FSB* 2013 WL 139870 *3 (N.D.Ill.,2013); *Fantroy v. First Financial Bank, N.A.*, 2013 WL 4434913 *9 (N.D.Tex., 2013); *Cavil v. Trendmaker Homes, Inc.*, 2012 WL 170751 *3 (S.D.Tex., 2012).

Here, Plaintiffs concede that the foreclosure sale was completed in 2009. The alleged QWR attached to the SAC was not sent to Ocwen (the identified servicer), and was not sent until over 2½ years after the foreclosure sale had been completed. By operation of law, it did not qualify as a QWR, and Plaintiffs have failed to adequately plead any violation of RESPA by Ocwen and the Motion to Dismiss should be granted.

### D. Plaintiffs RESPA Claim Fails as a Matter of Law Because No Damages Resulted

To properly plead a RESPA cause of action, Plaintiffs must plead damages which flow from failure by a servicer to respond to their alleged QWR (that was untimely sent to the wrong party). A plaintiff bringing a cause of action under RESPA for failure to respond to a QWR must allege actual damages. *Williams v. Wells Fargo Bank, N.A., Inc.*, 2010 WL 1463521 (N.D.Cal., 2010) (collecting cases finding that conclusory allegations of damages were not sufficient). These damages must flow from the failure of the servicer to provide the

information sought by the plaintiff through the QWR. *Anokhin v. BAC Home Loan Serv., LP*, 2010 WL 3294367, *3 (E.D.Cal., 2010); *see also Bever v. Cal–Western Reconveyance Corp.*, 2012 WL 2522563, *4 (E.D.Cal., 2012). The actual damages allegedly caused by a loan servicer's failure to respond to the QWR must relate to the RESPA violation itself, and the "incorporated damage" of having to file a lawsuit does not count as "actual damages" for RESPA purposes. *Lal v. Am. Home Serv., Inc.*, 680 F.Supp.2d 1218, 1223 (E.D.Cal., 2010). At the pleading stage, plaintiff must include a demonstration of a causal relationship between the alleged damages and the RESPA violation. *Schneider v. Bank of America N.A.*, 2013 WL 1281902 *7 (E.D.Cal.,2013).

Plaintiffs fail to identify any pecuniary damages suffered as a result of Defendants' alleged failure to respond their alleged QWR from 2012 beyond trying to fabricate an issue out of settlement discussions. Rule 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.Proc. 12(f). Courts have used Rule 12(f) to strike allegations from complaints that discuss settlement negotiations within the ambit of Rule 408. *See, e.g., Stewart v. Wachowski,* 2004 WL 5618386 *2 (C.D.Cal., 2004); *Philadelphia's Church of Our Savior v. Concord Township*, 2004 WL 1824356, * 2 (E.D.Pa. July 27, 2004) ("While Rule 408 does not apply to pleadings directly, repeated decisions from this Court have held that allegations in a complaint may be stricken, under Rule 12(f), as violative of these policies"); *United States ex rel. Alasker v. CentraCare Health Systems, Inc.*, 2002 WL 1285089, * 2 (D. Minn., 2002) ("Under Rule 408, evidence of conduct or statements made in compromise negotiations is inadmissible to prove liability.... Although this is a rule of evidence, courts have routinely granted motions to strike allegations in pleadings that fall within the scope of Rule 408"); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y.1992) (granting defendant's motion to strike portions of a complaint that referenced settlement discussions under Rule 408 as immaterial and potentially prejudicial); *Agnew v. Avdin Corp.*, Civ. A. No. 88-3436, 1988 WL 92872, * 4 (E.D.Pa. Sept.6, 1988) (striking parts of a complaint pursuant to Rule 408 because they referenced settlement negotiations for the purpose of showing liability).

Plaintiffs (SAC ¶¶ 115, 116) improperly seek damages by pointing to the fact that settlement discussions (as directed by the Court through a mandatory mediation evaluation program) resulted in an offer to rescind the foreclosure sale and modify the Loan which Plaintiffs rejected. These statements are improper, prejudicial, and should be stricken.

The only alleged damages suffered by Plaintiffs in this action (reporting to the credit bureaus, foreclosure, and loss of title) have resulted from their intentional choice to default on the Loan via nonpayment, not from the improper and untimely purported QWR submitted in 2012. FAC ¶64. As such the Motion to Dismiss should be granted without further leave to amend.

### E. Plaintiffs' Lawsuit is Barred By Collateral Estoppel and the Rooker-Feldman Doctrine

Since judgment has already been entered in favor of Deutsche Bank, as Trustee in the unlawful detainer action, this action is barred. Under the *Rooker-Felman* doctrine, a federal court is without jurisdiction to exercise appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923. This doctrine prevents a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court. *Id.*

Here, Plaintiffs' claims are barred under collateral estoppel because the issues in Plaintiffs' Complaint could have been raised in the unlawful detainer action, but the Plaintiffs chose not to appear and defaulted. (**"Exhibits E and F"**); *In Re Cantrell*, 329 F.3d 1119 (9th Cir.2003). The unlawful detainer action was reduced to judgment in favor of Deutsche Bank, as Trustee. (**"Exhibits E and F"**). Further, the *Rooker-Felman* doctrine precludes Plaintiffs from challenging the validity of the foreclosure. Plaintiffs are precluded from seeking appellate review of the state court judgment at the federal district court level. *Rooker*, 263 U.S. at 415-16. The Complaint should be dismissed.

### F. Plaintiffs Are Judicially Estopped From Asserting the Claims in This Suit Against Defendants

Plaintiffs are judicially estopped from prosecuting this action because they failed to disclose the claims asserted in their Complaint against the Defendants as assets in the schedules to their fourteen bankruptcy petitions or in an Opposition motion to Deutsche Bank, as Trustee's motion for relief from stay.

Plaintiffs filed **fourteen** Chapters 7 and 13 bankruptcies and created a bankruptcy estate. 11 U.S.C. § 348 (f); *see* **Exhibit K**. Plaintiff's bankruptcy estate(s) consisted of "all legal or equitable interests of the debtor in property as of the commencement of the case" and "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7).[1] The Bankruptcy Code requires debtors to schedule all assets in their bankruptcy petitions. *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001). The debtor has a duty to prepare bankruptcy schedules and statements carefully, completely, and accurately, and bears the risk of nondisclosure. *Id.* at 946-949.

Here, Plaintiffs' alleged claims against Deutsche Bank, as Trustee, Ocwen, Ms. Marvel, and Ms. Arias accrued prior to the date of filing (foreclosure occurred in 2009) of their bankruptcy petitions (first bankruptcy petition was filed in 2010). **(*See* Complaint and Exhibits A and B)**. Accordingly, these claims should have been disclosed to the bankruptcy court and should have been listed in Plaintiffs' bankruptcy schedules as assets of the estate. Plaintiffs have failed to do so either at the commencement of any of their fourteen bankruptcy proceedings or by amending any of their fourteen bankruptcy schedules. **(*See* Exhibits K and L)**. They did not disclose the claims asserted in their Complaint as assets in their Schedule B or even file an opposition to Defendant Deutsche Bank, as Trustee's motions for relief from stay. **(*See* Exhibits K and L)**.

"Judicial estoppel is a flexible equitable doctrine based on the estoppel of inconsistent positions in which a litigant who has obtained one advantage through the court by taking a

---

[1] **Section 541's definition of "property" is interpreted broadly to include causes of action**. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707-709 (9th Cir. 1986); *see also Cloud v. Northrupp Grumman Corp.* 67 Cal.App.4th 995, 1001 (Cal.App.1998) (after chapter 7 bankruptcy filing, all causes of action previously possessed become property of the bankrupt estate).

**DEFENDANTS' MOTION TO DISMISS**
8

particular position is not thereafter permitted to obtain a different and inconsistent advantage by taking a different position." *In re JZ L.L.C.*, 371 B.R. 412, 420 (9th Cir. BAP 2007) "In the case of omitted assets in bankruptcy, the initial position is that there is no asset, the later inconsistent position is that there is an asset… The debtor need only have gained some advantage through the court's acceptance of the initial position…" *Id.* at 420-421. **A debtor who fails to disclose claims as assets of the estate to the bankruptcy court should "be subjected to equitable constraints with respect to such property" and should be judicially stopped from re-asserting such claims in a subsequent litigation**. *Id.* at 421.

Plaintiffs have failed to disclose their claims against Defendants in their bankruptcy schedules despite fourteen opportunities to do so. (***See* Exhibits K and L**). Each of the cases was dismissed for various reasons including failure to make plan payments, failure to pay the filing fee, and failure to provide information. (***See* Exhibit K**). However, Plaintiffs sought discharge based on the information provided in the schedules and none of the schedules disclosed their claims against Defendants. They should not be permitted to now profit from their failure to schedule their claims against Defendants by being able to now assert them in this litigation.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that the Plaintiffs' Complaint be dismissed in its entirety with prejudice and for any other relief as this Court deems just and proper.

Dated: <u>October 18, 2013</u>     **HOUSER & ALLISON**
A Professional Corporation

/s/ *Steve W. Pornbida*

Steve W. Pornbida
Attorneys for Defendants,
Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2003-HE1, Mortgage Pass-Through Certificates, Series 2003-HE1 erroneously sued as Deutsche Bank National Trust Company; Ocwen Loan Servicing, LLC; Denise A. Marvel; and Leticia N. Arias

# **PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

On October 18, 2013, I served the following document(s):

**DEFENDANTS DEUTSCHE BANK, AS TRUSTEE, OCWEN, DENISE MARVEL, AND LETICIA N. ARIAS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On the following interested parties in this action described as follows:

- **Lenore L. Albert**
  docket@interactivecounsel.com
- **Lenore LuAnn Albert**
  lenalbert@interactivecounsel.com
- **Mark Christopher Carlson**
  kjr@carlsonlawgroup.com,ahm@carlsonlawgroup.com,dmb@carlsonlawgroup.com,rjg@carlsonlawgroup.com
- **Adam Lee Pedersen**
  alp@carlsonlawgroup.com
- **Jenna M. Warden**
  jwarden@kralawfirm.com

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on October 18, 2013, in Long Beach, California.

/s/ Jennifer Jovich
Jennifer Jovich