1 ERIC D. HOUSER (SBN 130079)
STEVE W. PORNBIDA (SBN 248359)
2 HOUSER & ALLISON, APC
3 3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
4 Tel: (562) 256-1675
Fax: (562) 256-1685
5 Email: spornbida@houser-law.com

6 Attorneys for Defendants,
7 Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2003-HE1, Mortgage Pass-Through Certificates, Series 2003-HE1 (erroneously sued as Deutsche Bank National Trust Company); Ocwen Loan Servicing, LLC; Denise A. Marvel; and Leticia N. Arias
8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11

12 LORENSO PASILLAS, AMELIA PASILLAS,

13                           Plaintiffs,

14 v.

15 DEUTSCHE BANK NATIONAL TRUST
16 COMPANY, OCWEN LOAN SERVICING
LLC, AZTEC FORECLOSURE
17 CORPORATION, PERRY AND SHAPIRO
LLP, ROBBIE "ROBERTA" L. WEAVER,
18 ELAINE MALONE, TIANNA ALVARADO,
19 DENISE A. MARVEL, LETICIA N. ARIAS,
KATHERINE S. WALKER, EVAN F.
20 ANDERSON, REMINGTON DUQUE and
DOES 1-25,
21
22                           Defendants.

Case No. 5:12-cv-04123-LHK

**REPLY IN SUPPORT OF DEFENDANTS DEUTSCHE BANK, AS TRUSTEE, OCWEN, DENISE MARVEL, AND LETICIA N. ARIAS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF**

Honorable Lucy H. Koh

23

24 **MEMORANDUM OF POINTS AND AUTHORITES**

25 **I.      INTRODUCTION**

26         Plaintiffs' untimely Opposition[i] to the Motion to Dismiss Plaintiffs' Second Amended

27 Complaint ("SAC") filed by defendants Deutsche Bank National Trust Company, as Trustee

28 for GSAMP Trust 2003-HE1, Mortgage Pass-Through Certificates, Series 2003-HE1

erroneously sued as Deutsche Bank National Trust Company ("Deutsche Bank, as Trustee"); Ocwen Loan Servicing, LLC ("Ocwen"); Denise A. Marvel ("Ms. Marvel"); and Leticia N. Arias ("Ms. Arias")(collectively "Defendants") fails to rescue the sole remaining cause of action from its deficiencies.   In support of their Opposition, Plaintiffs submit a Request for Judicial Notice [ECF No. 98] ("PRJN") and eleven (11) supporting exhibits, including emails and incomplete documents which are not subject to judicial notice.

Plaintiffs then proceed to claim the Property was not sold in 2009 at the foreclosure sale, because the legal description attached to the November 2, 2009 Trustee's Deed Upon Sale erroneously attached a legal description for a real property located in Solano County.  Plaintiffs doggedly refuse to acknowledge that Page 1 of the November 2, 2009 Trustee's Deed Upon Sale identifies the subject Property by Assessor's Parcel Number, physical address, and states that the property being sold was "situated in the County of San Benito."  Plaintiffs likewise ignore that that Page 2 of the November 2, 2009 Trustee's Deed Upon Sale identifies the Plaintiffs by name, references the proper deed of trust by San Benito County Recorder's Instrument Number 2002-0019632.

Both the exhibits to the SAC, and to the PRJN indicate that Plaintiffs' claim regarding the alleged Qualified Written Request ("QWR") from 2012 and the response received are fatally defective and the SAC should be dismissed without further leave to amend.

## II.    ARGUMENT

### A.    Plaintiffs RESPA Claim Fails as A Matter of Law Against Nearly All Defendants Because RESPA's Response Obligations are Limited to the Servicer

Plaintiffs' misstate Defendants' position regarding obligation to respond to a purported QWR.  Plaintiffs' claim regarding their alleged 2012 QWR for RESPA violation based on non-conclusory factual allegations is implausible on its face, because in 2012, none of the defendants were servicing their Loan.

"Any defendant served with a QWR who was not servicing Plaintiff's loan at the time was not obligated to respond, and therefore cannot be liable."  *Brothers v. Bank of America,*

1   *N.A.*, 2012 WL 4471590 *3 (N.D.Cal., 2012).   RESPA defines a "servicer" as "the person

2   responsible for servicing of a loan (including the person who makes or holds a loan if such

3   person also services the loan)." 12 U.S.C. § 2605(i)(2).   To survive a motion to dismiss under

4   Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible

5   on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Under RESPA, only a

6   loan servicer has a duty to respond to a QWR. 12 U.S.C. § 2605(e).   To state a claim based on

7   a failure to respond to a QWR, Plaintiff must also allege that each defendant against whom the

8   claim is brought was a loan servicer. *Castaneda v. Saxon Mortg. Servs.*, 687 F.Supp .2d 1191,

9   1199 (E.D.Cal.2009); *Lopez v. GMAC Mortg. Corp.* 2007 WL 3232448 *3 (N.D. Cal. 2007).

10          Here, only Ocwen is alleged to have been the servicer and have accepted payments on

11   the Loan prior to the foreclosure sale on October 30, 2009.   SAC ¶¶ 56, 31.   Plaintiffs'

12   allegation that Ocwen continues to be the servicer on the Loan fails, because the Loan and its

13   corresponding lien terminated on October 30, 2009 at the foreclosure sale.   See RJN **Exhibit D**

14   [ECF 93-4], and PRJN **Exhibit A** [ECF 98, Pgs 7-10].   The foreclosure sale occurred in 2009,

15   and two separate Trustee's Deeds Upon Sale had been recorded identifying the Property by

16   address, assessor's parcel number, Recorder's Instrument Number for the Deed of Trust, and

17   by the Borrowers' names.  *Id.* and RJN **Exhibit A** [ECF 93-1].   Plaintiffs' claims seeking to set

18   aside the foreclosure have already been dismissed twice before; once in Case No. 4:11-cv-

19   06657-YGR, the second time when this Court granted Defendants' prior Motion to Dismiss

20   [ECF No. 85], and the current SAC does not pursue any claim to set aside the sale.   For

21   Plaintiffs to conclude that Ocwen has a perpetual obligation to respond to purported QWR

22   demands is incorrect.

23          Plaintiffs' purported 2012 QWR was sent years after the foreclosure sale, the recording

24   of the Trustee's Deed Upon Sale, and recording of the Corrective Trustee's Deed Upon Sale.

25   Further they do not even contend that it was sent to Ocwen.    A "written request does not

26   constitute a [QWR] if it is delivered to the servicer more than 1 year after either the date of

27   transfer of servicing or the date that the mortgage servicing loan amount was paid in full,

28   whichever date is applicable." 24 C.F.R. § 3500.21(e)(2)(ii).   Further, a written request does

1    not qualify as a QWR under federal law where sent after the completion of a foreclosure sale.

2    *Tidwell v. JPMorgan Chase Bank, N.A.*, 2013 WL 5539414 *11 (N.D.Cal., 2013); *Sanchez v.*

3    *Onewest Bank, FSB* 2013 WL 139870 *3 (N.D.Ill.,2013); *Fantroy v. First Financial Bank,*

4    *N.A.*, 2013 WL 4434913 *9 (N.D.Tex., 2013); *Cavil v. Trendmaker Homes, Inc.*, 2012 WL

5    170751 *3 (S.D.Tex., 2012).

6         Deutsche Bank, as Trustee, Ms. Marvel, and Ms. Arias are not alleged to be servicers of

7    the Loan. SAC ¶¶ 112-113.  RESPA does not assign liability to the servicer "and anyone

8    Borrower accuses of being an agent of the servicer."  Plaintiffs therefore cannot state a claim

9    for RESPA violation against any of the Defendants.  By operation of law, it did not qualify as a

10   QWR, and Plaintiffs have failed to adequately plead any violation of RESPA by Ocwen and

11   the Motion to Dismiss should be granted.

12        **B.     Plaintiffs RESPA Claim Fails as a Matter of Law Because No Damages**

13                 **Resulted**

14        Plaintiffs have not plead any damages which flow from failure by Ocwen to respond to

15   their alleged QWR (that was untimely sent to the wrong party).   A plaintiff bringing a cause of

16   action under RESPA for failure to respond to a QWR must allege actual damages. *Williams v.*

17   *Wells Fargo Bank, N.A., Inc.*, 2010 WL 1463521 (N.D.Cal., 2010) (collecting cases finding

18   that conclusory allegations of damages were not sufficient).  These damages must flow from

19   the failure of the servicer to provide the information sought by the plaintiff through the QWR.

20   *Anokhin v. BAC Home Loan Serv., LP*, 2010 WL 3294367, *3 (E.D.Cal., 2010); *see also Bever*

21   *v. Cal–Western Reconveyance Corp.*, 2012 WL 2522563, *4 (E.D.Cal., 2012).  The actual

22   damages allegedly caused by a loan servicer's failure to respond to the QWR must relate to the

23   RESPA violation itself, and the "incorporated damage" of having to file a lawsuit does not

24   count as "actual damages" for RESPA purposes. *Lal v. Am. Home Serv., Inc.*, 680 F.Supp.2d

25   1218, 1223 (E.D.Cal., 2010).  At the pleading stage, plaintiff must include a demonstration of a

26   causal relationship between the alleged damages and the RESPA violation.  *Schneider v. Bank*

27   *of America N.A.*, 2013 WL 1281902 *7 (E.D.Cal.,2013).

28

1    Plaintiffs fail to identify any pecuniary damages suffered as a result of Defendants'

2    alleged failure to respond their alleged QWR from 2012 beyond trying to fabricate an issue out

3    of settlement discussions.   The only alleged damages suffered by Plaintiffs in this action

4    (reporting to the credit bureaus, foreclosure, and loss of title) have resulted from their

5    intentional choice in 2009 to default on the Loan via nonpayment, not from the improper and

6    untimely purported QWR submitted in 2012.   FAC ¶64.   As such, the Motion to Dismiss

7    should be granted without further leave to amend.

8    **C.    Plaintiffs' Lawsuit is Barred By Collateral Estoppel and the Rooker-Feldman**

9    **Doctrine**

10    Since judgment has already been entered in favor of Deutsche Bank, as Trustee in the

11    unlawful detainer action, this action is barred.   Under the *Rooker-Felman* doctrine, a federal

12    court is without jurisdiction to exercise appellate review of state court judgments. *Rooker v.*

13    *Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923.   This doctrine prevents a

14    party losing in state court from seeking what in substance would be appellate review of the

15    state judgment in a United States district court. *Id.*   Here, Plaintiffs were the losing parties in

16    the Unlawful Detainer state court actions, and are seeking to set aside a sale whose validity

17    was relied on in rendering the underlying judgments for possession.

18    **D.    Plaintiffs Are Judicially Estopped From Asserting the Claims in This Action**

19    **Against Defendants**

20    Plaintiffs are judicially estopped from prosecuting this action because they failed to

21    disclose the claims asserted in their Complaint against the Defendants as assets in the

22    schedules to their fourteen bankruptcy petitions or in an Opposition motion to Deutsche Bank,

23    as Trustee's motion for relief from stay.

24    Plaintiffs filed **fourteen** Chapters 7 and 13 bankruptcies and created a bankruptcy

25    estate. 11 U.S.C. § 348 (f); *see* RJN **Exhibit K**.   Plaintiff's bankruptcy estate(s) consisted of

26    "all legal or equitable interests of the debtor in property as of the commencement of the case"

27    and "[a]ny interest in property that the estate acquires after the commencement of the case." 11

28

**REPLY**
5

1  U.S.C. § 541(a)(7).   The Bankruptcy Code requires debtors to schedule all assets in their

2  bankruptcy petitions. *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001).

3      Plaintiffs did not disclose any claims against Defendants in their bankruptcy schedules

4  despite fourteen opportunities to do so. Each of the cases was dismissed for various reasons

5  including failure to make plan payments, failure to pay the filing fee, and failure to provide

6  information. (*See* **Exhibit K**).   However, Plaintiffs filed and sought discharge after

7  intentionally omitting required information.  They should not be permitted to now claim there

8  was no harm from their choice to omit claims against Defendants.

9  **III.    CONCLUSION**

10      For the reasons set forth above, Defendants respectfully request that the Plaintiffs'

11  Complaint be dismissed in its entirety with prejudice and for any other relief as this Court

12  deems just and proper.

13

14

15  Dated:    November 7, 2013          **HOUSER & ALLISON**
                                        A Professional Corporation

16

17              /s/ *Steve W. Pornbida*

18  Steve W. Pornbida
    Attorneys for Defendants,
19  Deutsche Bank National Trust Company, as Trustee
    for GSAMP Trust 2003-HE1, Mortgage Pass-
20  Through Certificates, Series 2003-HE1 erroneously
    sued as Deutsche Bank National Trust Company;
21  Ocwen Loan Servicing, LLC; Denise A. Marvel;
    and Leticia N. Arias

22

23

24

25

26

27

28

1

2

_____

3    [i]    Defendants filed ECF No. 92 on October 18, 2013.  Under the Northern Districts' Civil Local

4    Rules ("L.R.") 7-3(a), any opposition to a motion must be filed and served not more than 14 days after
     the motion was filed.  When a document is filed through ECF, an email message is automatically

5    generated and sent to all parties in the case who are registered with ECF, receipt of this message
     constitutes service. L.R. 5-1(h).  Thus, Plaintiffs were required to file any written opposition or

6    statement of non-opposition (per L.R. 7-3(a) or (b)) to Defendants' Motion to Dismiss on or before

7    **November 1, 2013**, which was fourteen (14) days after filing.  Plaintiffs chose not to file any
     opposition until November 4, 2013.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA              )
                                 ) ss
COUNTY OF LOS ANGELES            )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3780 Kilroy Airport Way, Suite 130, Long Beach, California 90806.

On November 7, 2013, I served the following document(s):

**REPLY IN SUPPORT OF DEFENDANTS DEUTSCHE BANK, AS TRUSTEE, OCWEN, DENISE MARVEL, AND LETICIA N. ARIAS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF**

On the following interested parties in this action described as follows:

- **Lenore L. Albert**
  docket@interactivecounsel.com
- **Lenore LuAnn Albert**
  lenalbert@interactivecounsel.com
- **Mark Christopher Carlson**
  kjr@carlsonlawgroup.com,ahm@carlsonlawgroup.com,dmb@carlsonlawgroup.com,rjg@carlsonlawgroup.com
- **Adam Lee Pedersen**
  alp@carlsonlawgroup.com
- **Jenna M. Warden**
  jwarden@kralawfirm.com

[X]    **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on November 7, 2013, in Long Beach, California.

/s/ Jennifer Jovich
Jennifer Jovich

**PROOF OF SERVICE**
1