1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORENSO PASILLAS, AMELIA PASILLAS,           Plaintiffs,<br><br>     v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 5:12-CV-04123-LHK<br><br>ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT WITH PREJUDICE |

Plaintiffs Lorenso and Amelia Pasillas ("Plaintiffs") bring this action based on a loan obtained in 2002 and on the subsequent foreclosure proceedings instituted against them. Second Am. Compl. ("SAC") ECF No. 91.

Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), Leticia N. Arias, and Denise A. Marvel (collectively, "Deutsche Bank Defendants") jointly move to dismiss the SAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and/or move to strike the SAC pursuant to Rule 12(f). ECF No. 92.

Defendants Aztec Foreclosure Corporation ("Aztec"), Robbie "Roberta" L. Weaver, Elaine Malone, and Tianna Alvarado (collectively, "Aztec Defendants"), jointly move to dismiss the SAC pursuant to Rule 12(b)(6). ECF No. 94.

1    Defendant Remington Duque ("Duque") also moves to dismiss the SAC pursuant to Rule

2    12(b)(6).  ECF No. 95.[1]

3    Pursuant to Civil Local Rule 7–1(b), the Court finds this matter appropriate for resolution

4    without oral argument and hereby VACATES the hearing and Case Management Conference

5    scheduled for March 13, 2014.  Having considered the parties' arguments, the relevant law, and

6    the record in this case, the Court hereby GRANTS Defendants' Motions to Dismiss Plaintiffs'

7    SAC with prejudice. [2]

8    **I.      BACKGROUND**

9        **A.      Factual Allegations**

10    This case arises out of a mortgage Plaintiffs obtained in 2002 in order to purchase a farm

11    in Hollister, California.  *See* SAC ¶¶ 19, 22, 25.  On March 13, 2009, Plaintiffs received a notice

12    that they were in default on this mortgage based on a failure to make payments beginning on

13    December 1, 2008.  SAC ¶¶ 28-29.  Plaintiffs claim that this notice was erroneous, because they

14    had, in fact, made timely payments at least through the end of 2008.  SAC ¶ 31 (chart displaying

15    payments made by Plaintiffs in 2008).  Notwithstanding the error in the notice, Plaintiffs allege

16    that Defendants proceeded to foreclose on Plaintiffs' farm, and that the property was sold to

17    Deutsche Bank, the beneficiary on the deed of trust, at an auction on October 30, 2009.  SAC ¶¶

18    30, 61.[3]  Plaintiffs allege that the incorrect notice of default caused Plaintiffs to lose their home to

19    foreclosure.  *See* SAC ¶¶ 31-35.

20    On June 27, 2012, Plaintiffs sent Ocwen a qualified written request ("QWR") pursuant to

21    the Real Estate Settlement Procedures Act ("RESPA") regarding the crediting of payments on

22    their mortgage account.  SAC ¶¶ 70, 109.  In the QWR, Plaintiffs specified their reasons for their

23

---

24    [1]  The Court refers to Deutsche Bank Defendants, Aztec Defendants, and Duque collectively as "Defendants" unless circumstances require otherwise.

25    [2]  Because the Court GRANTS the Deutsche Bank Defendants' Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court need not reach the Deutsche Bank Defendants'

26    motion to strike pursuant to Rule 12(f).

27    [3]  Plaintiffs acknowledge in the FAC that they eventually did fall behind on their mortgage payments, *see* FAC ¶ 64 ("On or about February 2009, Plaintiffs fell behind in their payments . . . ."), and that they ceased making payments entirely while attempting to negotiate a loan

28    modification, *see* FAC ¶¶ 69-70.  However, Plaintiffs did not include such allegations in the SAC.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SAC WITH PREJUDICE

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1    belief that the account was not in default and requested that Ocwen correct the error.  SAC ¶ 109.

2    Plaintiffs also requested that Ocwen provide them with information and documentation

3    supporting Ocwen's claim that Plaintiffs' account was in default.  *Id.*  On July 27, 2012,

4    Plaintiffs sent the QWR to Deutsche Bank.  SAC ¶ 71, Ex. A.  On August 13, 2012, Ocwen

5    responded to the QWR.  SAC ¶ 73.  Plaintiffs allege that Ocwen failed to make appropriate

6    corrections to Plaintiffs' account in response to the QWR, including the crediting of any late

7    charges or penalties, and failing to transmit written notice of such corrections to Plaintiffs no

8    later than 60 days after receipt of Plaintiffs' QWR.  SAC ¶ 111.  Plaintiffs allege that Ocwen was

9    acting as Deutsche Bank's agent with regard to complying with RESPA.  SAC ¶ 112.  Plaintiffs

10   further allege that the Aztec Defendants, Denise A. Marvel, Leticia N. Arias, and Duque were

11   acting as Ocwen's agents and were tasked with providing information relevant for RESPA on

12   behalf of Ocwen.  SAC ¶ 113.  As a result of Defendants' actions, Plaintiffs allege that Plaintiffs

13   have "incurred unnecessary overcharges, credit damage, and were not given a meaningful

14   opportunity to modify their loan [in] 2012 . . ."  SAC ¶ 120.  As relief for Defendants' RESPA

15   violation, Plaintiffs ask the Court to set aside the sale of their farm and also request damages,

16   attorney's fees, and costs.  SAC at 17-18.

17       **B.       Procedural History**

18       Plaintiffs filed their Original Complaint on August 6, 2012.  ECF No. 1.  Deutsche Bank

19   Defendants filed a Motion to Dismiss the Original Complaint on October 24, 2012.  ECF No. 15.

20   Plaintiffs did not respond to the Motion, but instead filed the FAC on April 11, 2013.  ECF No.

21   27.  In the FAC, Plaintiffs asserted eleven state law claims and one federal claim, violation of

22   RESPA.  *See id.*  In light of Plaintiffs having filed the FAC, Defendants withdrew their Original

23   Motion to Dismiss.  ECF No. 38.

24       On May 15, 2013, the Deutsche Bank Defendants filed a Motion to Dismiss the FAC.

25   ECF No. 36.  One of the bases for the motion was that Plaintiffs' RESPA claim fails as a matter

26   of law because Plaintiffs did not demonstrate a causal relationship between the alleged damages

27   and the RESPA violation.  *See id.* at 14-15.  Plaintiffs did not respond to this Motion.

28

1    Duque filed a separate Motion to Dismiss the FAC on June 11, 2013. ECF No. 48. One

2  of the bases for the motion was that Plaintiffs' RESPA claim fails as to Duque because Duque

3  was not a loan servicer. *See id.* at 11. Plaintiffs filed their response to this Motion on July 10,

4  2013, well past the 14-day deadline imposed by Civil Local Rule 7-3(a). ECF No. 59. Duque

5  filed a Reply, in which he objected to the filing of an untimely Opposition, on July 17, 2013.

6  ECF No. 63.[4]

7    Aztec filed its Motion to Dismiss the FAC on June 26, 2013. ECF No. 49. Plaintiffs filed

8  an Opposition, this one timely, on July 10, 2013. ECF No. 60. Aztec filed a Reply on July 17,

9  2013. ECF No. 62. On August 15, 2013, Defendants Alvarado, Malone, and Weaver—who had

10  only just been served in the case—filed a "Notice of Joinder" in Aztec's Motion to Dismiss.

11  ECF No. 75.

12    On September 17, 2013, the Court granted Defendants' Motions to Dismiss Plaintiffs'

13  FAC. ECF No. 85 ("First MTD Order"). The Court dismissed Plaintiffs' RESPA claim, their

14  only federal claim, for failure to state a claim for the following reasons: (1) Ocwen was the only

15  loan servicer identified in this case and the FAC failed to explain how or why the remaining non-

16  loan servicer Defendants can be held liable for violations of RESPA; (2) Plaintiffs failed to state

17  specifically when Plaintiffs sent the QWR; (3) the FAC failed to allege damages "with even the

18  remotest degree of specificity" and that other allegations in the FAC suggest that the damages

19  Plaintiffs' suffered may well have been caused by Plaintiffs' failure to pay their mortgage, rather

20  than by Ocwen's failure to properly respond to Plaintiffs' QWR; and (4) Plaintiffs' RESPA claim

21  was "generally vague and [was] really little more than formulaic recitations of the elements of the

22  cause of action." *Id*. at 6-7. The Court declined to exercise supplemental jurisdiction as to

23  Plaintiffs' remaining state law claims. *Id*. at 8. The Court, however, determined that Plaintiffs'

24  RESPA claim could be cured with greater specificity and thus granted Plaintiffs leave to amend

25  the claim. *Id*. at 7. The Court advised Plaintiffs that if Plaintiffs failed to "cure the deficiencies"

26  addressed in the First MTD Order, the RESPA claim will be "dismissed with prejudice." *Id*. at 9.

27

28
_____

[4] Plaintiffs did not seek leave to file an untimely Opposition, nor did they otherwise identify any good cause for the delay. Accordingly, the Court did not consider Plaintiffs' Opposition to Duque's Motion to Dismiss. First MTD Order at 3 n.3.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SAC WITH PREJUDICE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    On October 9, 2013, Plaintiffs filed their SAC, solely alleging a claim under RESPA.

2  ECF No. 91.  On October 18, 2013, the Deutsche Bank Defendants filed a Motion to Dismiss

3  and/or Strike Plaintiffs' SAC and a supporting Request for Judicial Notice.  ECF Nos. 92 and

4  93.[5]  On October 21, 2013, the Aztec Defendants filed a separate Motion to Dismiss Plaintiffs'

5  SAC.  ECF No. 94.  That same day, Duque also filed a separate Motion to Dismiss Plaintiffs'

6  SAC.  ECF No. 95.

7    On November 4, 2013, Plaintiffs filed one Opposition as to Defendants' three motions

8  and filed a supporting Request for Judicial Notice.  ECF Nos. 97 ("Opp'n") and 98.[6]  The Court

9  notes that Plaintiffs filed their Opposition on November 4, 2013, well past the 14-day deadline

10  imposed by Civil Local Rule 7-3(a) as to Deutsche Bank Defendants' October 18, 2013 Motion

11  to Dismiss and/or Strike.  Plaintiffs did not seek leave to file an untimely Opposition as to the

---

[5]  The Deutsche Bank Defendants filed a Request for Judicial Notice in conjunction with their Motion to Dismiss and/or Strike Plaintiffs' SAC.  ECF No. 93.  This request asks the Court to take judicial notice of a variety of public documents related to Plaintiffs' loan (i.e., deeds of trust, substitution of trustee, trustee's deed upon sale), as well as to related filings in other courts. Plaintiffs did not oppose this request.  A court may judicially notice a fact if it is either "generally known within the trial court's jurisdiction" or "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."   Fed. R. Evid. 201(b).  The Court finds that the documents for which the Deutsche Bank Defendants request judicial notice are not subject to reasonable dispute and are proper subjects of judicial notice. *See Distor v. U.S. Bank NA*, No. C 09-02086 SI, 2009 WL 3429700, at *2 (N.D. Cal. Oct. 22, 2009) (holding that a deed of trust, notice of default, and notice of trustee's sale are matters of public record and thus proper subjects of judicial notice); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of court documents already in the public record and documents filed in other courts). Accordingly, the Court GRANTS the Deutsche Bank Defendants' Request for Judicial Notice.
[6]  Plaintiffs filed a Request for Judicial Notice in conjunction with their Opposition.  ECF No. 98. This request asks the Court to take judicial notice of a variety of documents, including (1) public documents related to Plaintiffs' loan (i.e., trustee's deed upon sale, deed of trust, assignment of deed of trust), (2) Plaintiffs' emails to Duque, (3) Plaintiffs' loan history, (4) an IRS publication, and (5) Ocwen's responses to Plaintiffs' QWR.  The Deutsche Bank Defendants did not oppose the request pertaining to the public documents relating to Plaintiffs' loan and the IRS publication. ECF No. 100.  Thus, the Court GRANTS Plaintiffs' Request for Judicial Notice as to these documents.  *See Distor*, 2009 WL 3429700, at *2; *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) (holding that judicial notice is appropriate for records and reports of administrative bodies).  The Deutsche Bank Defendants, however, opposed the request pertaining to Plaintiffs' emails to Duque, Plaintiffs' loan history, and Ocwen's responses to Plaintiffs' QWR because such documents facially lack foundation and Plaintiffs are attempting to use such documents to convert the motion to dismiss into a motion for summary judgment.  All of these documents are incorporated by reference in the SAC.  A court may consider materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 341 F.3d 903, 908 (9th Cir. 2003).  Thus, the Court GRANTS Plaintiffs' Request for Judicial Notice as to these documents, but notes that the Court does not rely on any of these documents for its rulings in this Order.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SAC WITH PREJUDICE

United States District Court
For the Northern District of California

1   Deutsche Bank Defendants, nor did they otherwise identify any good cause for the delay.

2   Because Plaintiffs previously failed to respond to two motions to dismiss and responded untimely

3   to a third motion to dismiss, this is Plaintiffs' fourth failure to timely respond to Defendants'

4   motion to dismiss.[7]  The Court notes that Plaintiffs are represented by counsel and are not *pro se*.

5   Accordingly, the Court need not consider Plaintiffs' Opposition as to any of the Deutsche Bank

6   Defendants.  Even considering Plaintiffs' untimely Opposition as to the Deutsche Bank

7   Defendants, Plaintiffs' Opposition does not change the Court's analysis.

8           On November 7, 2013, the Deutsche Bank Defendants filed their Reply, in which they

9   objected to Plaintiffs' untimely Opposition.  ECF No. 99.  On November 12, 2013, the Aztec

10  Defendants filed their Reply.  ECF No. 101.  That same day, Duque filed his Reply.  ECF No.

11  102.

12  **II.     LEGAL STANDARDS**

13      **A.     Motion to Dismiss Under Rule 12(b)(6)**

14          Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

15  short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint

16  that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

17  12(b)(6).  The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts

18  to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

19  570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

20  the court to draw the reasonable inference that the defendant is liable for the misconduct

21  alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a

22  probability requirement, but it asks for more than a sheer possibility that a defendant has acted

23  unlawfully."  *Id.* (internal quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6)

24  motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the

25

26  [7] On October 24, 2012, Deutsche Bank Defendants moved to dismiss Plaintiffs' Original
    Complaint.  ECF No. 15.  Plaintiffs did not respond to the Motion.  Instead, Plaintiffs filed their
    FAC on April 11, 2013.  ECF No. 27.  The Deutsche Bank Defendants again filed a Motion to
27  Dismiss the FAC on May 15, 2013.  ECF No. 36.  Again, Plaintiffs did not respond to this
    Motion.  Defendant Duque filed a separate Motion to Dismiss the FAC on June 11, 2013.  ECF
28  No. 48.  However, Plaintiffs did not file their response to this Motion until July 10, 2013, well
    past the 14-day deadline imposed by Civil Local Rule 7-3(a).  ECF No. 59.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SAC WITH PREJUDICE

1   pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire &*

2   *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

3          However, a court need not accept as true allegations contradicted by judicially noticeable

4   facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look

5   beyond the plaintiff's complaint to matters of public record" without converting the Rule

6   12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

7   1995). Nor is the court required to "'assume the truth of legal conclusions merely because they

8   are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir.

9   2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

10  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a

11  motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556

12  U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which

13  establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778,

14  783 n.1 (9th Cir. 1997) (internal quotation marks omitted).

15          **B.      Leave to Amend**

16          If the Court determines that the complaint should be dismissed, it must then decide

17  whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure,

18  leave to amend "should be freely granted when justice so requires," bearing in mind that "the

19  underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the

20  pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)

21  (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny

22  leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated

23  failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

24  party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,

25  892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182

26  (1962)).

27  **III.     DISCUSSION**

28          **A.      RESPA**

7

1    Under RESPA, a loan servicer has a duty to respond to a borrower's "qualified written

2    request" ("QWR") for "information relating to the servicing of [his] loan."  12 U.S.C.

3    § 2605(e)(1)(A).  Plaintiffs allege that Defendants violated Section 2605(e) by: (a) "failing to

4    provide a written response acknowledging receipt of the Plaintiff[s'] [QWR] no later than 20

5    days after receipt of the request," SAC ¶ 110;[8] (b) "failing to make appropriate corrections to the

6    Plaintiff[s'] account in response to the [QWR], including the crediting of any late charges or

7    penalties, and failing to transmit written notice of such corrections to the Plaintiff[s] no later than

8    60 days after receipt of the Plaintiff[s'] [QWR]," SAC ¶ 111; (c) "failing to provide the

9    Plaintiff[s] with the information and documentation requested, or an explanation why the

10   information sought was unavailable, no later than 60 days after receipt of the Plaintiff[s']

11   [QWR]," SAC ¶ 117; (d) "refusing to cease [] collection efforts and foreclosure proceedings after

12   receiving the Plaintiff[s'] [QWR]," SAC ¶ 118; and (e) "providing information to consumer

13   reporting agencies regarding overdue payments allegedly owed by the Plaintiff[s] that were

14   related to [their] [QWR]," SAC ¶ 119.  Plaintiffs further allege that Defendants have "engaged in

15   a pattern or practice of non-compliance" with RESPA, SAC ¶ 123, though they provide no

16   further specifics concerning this allegation.  For the reasons set forth below, Plaintiffs still fail to

17   state a RESPA claim as to all Defendants.

18                    **1.    Non-Loan Servicer Defendants**

19          As a preliminary matter, the Court notes that Section 2605(e) imposes duties on loan

20   servicers only.  *See, e.g.*, 12 U.S.C. § 2605(e) ("Duty of loan servicer to respond to borrower

21   inquiries"); § 2605(e)(2) (within a certain number of days of receiving a QWR, "the servicer

22   shall" undertake certain actions).  The term "servicer" means the person responsible for servicing

---

[8] RESPA was amended, effective July 20, 2011, to shorten the time afforded loan servicers to
respond to QWRs.  Pub. L. No. 111-203, tit. XIV, § 1463 (2010).  12 U.S.C. § 2605(e)(1)(A) was
amended to decrease the response time for acknowledgement of receipt of a QWR from "20
days" to "5 days."  12 U.S.C. § 2605(e)(2) was also amended to decrease the response time for
providing information or an explanation as to why information cannot be obtained from "60
days" to "30 days." *See* Mortgage Reform and Anti-Predatory Lending Act, Pub. L. No. 111-203,
124 Stat. 1376, 1463 (2010).  Plaintiffs allege that they sent the QWR to defendant Ocwen on
June 27, 2012, and thus the new time limits govern this case, despite the fact that Plaintiffs allege
the old 20– and 60–day deadlines in their SAC.  Because the duration of these time limits do not
impact the Court's analysis on the Motions to Dismiss, the Court will use the old 20– and 60–day
deadlines in this Order, as Plaintiffs' SAC alleges.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SAC WITH PREJUDICE

1    a loan, 12 U.S.C. § 2605(i)(2), and the term "servicing" means receiving any scheduled periodic

2    payments from a borrower pursuant to the terms of any loan, 12 U.S.C. § 2605(i)(3).  Thus, to

3    state a claim based on a failure to respond to a QWR, Plaintiffs must also allege that each

4    defendant against whom the claim is brought was a loan servicer.  *Castaneda v. Saxton Mortg.*

5    *Servs.*, 687 F. Supp. 2d 1191, 1199 (E.D. Cal. 2009).

6          In this case, Ocwen is the only identified loan servicer to have accepted payments on

7    Plaintiffs' loan prior to the foreclosure sale on October 30, 2009.  *See* SAC ¶¶ 31, 56, 86.

8    Plaintiffs do not allege that the other Defendants are servicers of Plaintiffs' loan.  Instead,

9    Plaintiffs allege that: (1) Deutsche Bank is a trustee, *see* SAC ¶¶ 5, 85; (2) Leticia N. Arias is a

10   "notary public" and a "robo-signer" who "signs as Attorney-in-Fact for Ocwen," SAC ¶ 11; (3)

11   Denise A. Marvel is "Manager of Document Control and Contract Management" at Ocwen and a

12   robo-signer, SAC ¶ 12; (4) Aztec is a foreclosure trustee, SAC ¶ 94; (5) Roberta L. Weaver is a

13   "notary public" and a "robo-signer and signs as Assistant Secretary and Vice President as

14   Attorney-in-Fact for Ocwen and Deutsche Bank," SAC ¶ 8; (6) Elaine Malone is a "notary

15   public" and a "robo-signer and signs as Assistant Secretary and Vice President as Foreclosure

16   Supervisor for Aztec," SAC ¶ 9; (7) Tianna Alvarado is a "notary public" and a "robo-signer,"

17   SAC ¶ 10; and (8) Duque is the manager and owner of Sunrise Bay Mortgage, which assisted

18   Plaintiffs in financing the first loan and modifying their loan, SAC ¶¶ 13, 45.  Without alleging

19   that any of the Defendants aside from Ocwen were loan servicers under RESPA, Plaintiffs cannot

20   show that such non-loan servicer Defendants were required to respond to Plaintiffs' QWR.  *See*

21   *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (dismissing plaintiffs'

22   RESPA claim because it failed to allege that defendant was a loan servicer); *Brothers v. Bank of*

23   *America, N.A.*, No. 5:12-cv-03121 EJD, 2012 U.S. Dist. LEXIS 138631, at *7-8 (N.D. Cal. Sept.

24   26, 2012) (stating "only loan servicers are required to respond to QWRs per the express terms of

25   the statute"); *Lopez v. GMAC Mort. Corp.*, No. C 07-3911 CW, 2007 U.S. Dist. LEXIS 84004, at

26   *6-7 (N.D. Cal. Nov. 1, 2007) (dismissing RESPA claim because plaintiff alleged defendant was

27   a trustee, not a loan servicer).  Notably, Plaintiffs do not address whether any Defendant aside

28   from Ocwen is a loan servicer of Plaintiffs' loan.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SAC WITH PREJUDICE

1       Plaintiffs nevertheless contend that Plaintiffs may sue the non-loan servicer Defendants

2   because "RESPA does not limit lawsuits to servicers only and the courts have not interpreted

3   such a restrictive meaning."  *See* Opp'n at 3.  In support, Plaintiffs cite two Seventh Circuit cases

4   where lenders could be found liable under RESPA: (1) *Catencamp v. Cendant Timeshare Resort*

5   *Group—Consumer Finance, Inc.*, 471 F.3d 780 (7th Cir. 2006); and (2) *Catalan v. GMAC Mortg.*

6   *Corp.*, 629 F.3d 676 (7th Cir. 2009).  The Court is not persuaded that these cases change the

7   Court's analysis.  As an initial matter, although persuasive authority, the Court is not bound by

8   Seventh Circuit cases.  Further, *Catencamp* is inapposite.  The court in *Catencamp* held that a

9   defendant could be found liable under Section 2605(a), which requires that "the lender must

10  reveal (in terms that lay borrowers can understand) whether the note is negotiable."  *Catencamp*,

11  471 F.3d at 783.  *Catencamp* did not address Plaintiffs' cause of action in the instant case,

12  Section 2605(e), which requires loan servicers to respond to borrower inquiries in specific ways.

13  Moreover, *Catalan*, the other Seventh Circuit case, confirms that only loan servicers can be held

14  liable under Section 2605(e).  *Catalan*, 629 F.3d at 690 (remanding to district court to determine

15  whether defendant lender, who serviced plaintiffs' loan, satisfied its obligations under Section

16  2605(e)).

17      Therefore, because Section 2605(e) only pertains to loan servicers, and Plaintiffs do not

18  allege that the following Defendants—Deutsche Bank, Leticia N. Arias, Denise A. Marvel,

19  Aztec, Roberta L. Weaver, Elaine Malone, Tianna Alvarado, and Duque—are loan servicers,

20  such Defendants—Deutsche Bank, Leticia N. Arias, Denise A. Marvel, Aztec, Roberta L.

21  Weaver, Elaine Malone, Tianna Alvarado, and Duque—cannot be held liable under Section

22  2605(e).  As such, Plaintiffs' RESPA claim fails as to Deutsche Bank, Leticia N. Arias, Denise

23  A. Marvel, Aztec, Roberta L. Weaver, Elaine Malone, Tianna Alvarado, and Duque.

24              **2.    Ocwen**

25      Plaintiffs identified Ocwen as the only loan servicer to have accepted payments on

26  Plaintiffs' loan prior to the foreclosure sale on October 30, 2009.  *See* SAC ¶¶ 31, 56, 86.  Thus,

27  as set forth above, Section 2605(e) applies only to Ocwen.  However, for the reasons set forth

28  below, Plaintiffs' RESPA claim also fails as to Ocwen.

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SAC WITH PREJUDICE

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    First, Plaintiffs' written requests to Ocwen were not QWRs.  A QWR is defined by statute

2    as "written correspondence" which includes, in part, "a statement of the reasons for the belief of

3    the borrower, to the extent applicable, that the account is in error or provides sufficient detail to

4    the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B).

5    Federal regulations further provide that "[a] written request does not constitute a qualified written

6    request if it is delivered to a servicer more than 1 year after either the date of transfer of servicing

7    or the date that the mortgage servicing loan amount was paid in full, whichever date is

8    applicable."  24 C.F.R. § 3500.21(e)(2)(ii).  A written request does not qualify as a QWR if it

9    was sent after the completion of a foreclosure sale.  *See, e.g.*, *Tidwell v. JPMorgan Chase Bank,*

10    *N.A.*, C-13-2621 EMC, 2013 WL 5539414, at *11 (N.D. Cal. Oct. 8, 2013) ("Plaintiff's written

11    request does not qualify as a QWR under federal law as it was sent more than a year *after* the []

12    Defendants ceased to be a servicer under the loan."); *Fantroy v. First Fin. Bank, N.A.*, 12–CV–

13    82–N–BH, 2013 WL 4434913 (N.D.Tex. Aug. 19, 2013) ("Ultimately, because he sent the

14    written requests more than five years after his loan was terminated by the foreclosure and ceased

15    being serviced, the requests were not QWRs."); *Brothers*, 2012 U.S. Dist. LEXIS 138631, at *8-9

16    ("In any event, it is unlikely the QWR could relate to loan servicing when it was sent in January

17    2012, since, at that point, Plaintiff had been in default since sometime in late 2008, and the

18    foreclosure process had commenced in April 2009.  The 'servicing' of Plaintiff's loan was no

19    longer an issue when the QWR was sent nearly three years later." (Citation omitted)).  Here,

20    Plaintiffs allege that the foreclosure sale was completed in October 30, 2009.  SAC ¶¶ 30, 61.

21    However, Plaintiffs first sent their written request to Ocwen on June 27, 2012—more than two

22    and a half years after the completion of the foreclosure sale.  SAC ¶ 109.  Accordingly, because

23    Plaintiffs sent their written request to Ocwen well after the completion of the foreclosure sale,

24    Plaintiffs' written request was not a QWR.

25    Moreover, even if Plaintiffs' written request was a QWR, Plaintiffs' RESPA claim still

26    fails.  Courts routinely hold that a RESPA claim must allege a causal relationship between the

27    alleged damages and the RESPA violation.  *See, e.g.*, *Schneider v. Bank of America N.A.*, No. 11-

28

11

1    2953, 2013 WL 1281902, at *7 (E.D. Cal. Mar. 26, 2013) (citing cases).  Plaintiffs' SAC fails to

2    allege such a relationship.

3           Plaintiffs' SAC alleges that Ocwen violated Section 2605(e) by: (1) failing to timely

4    respond to the alleged QWR within 20 days; (2) failing to make appropriate corrections to

5    Plaintiffs' account in response to the alleged QWR within 60 days after receipt of the alleged

6    QWR; (3) refusing to cease its collection efforts and foreclosure proceedings after receipt of the

7    alleged QWR; (4) failing to provide Plaintiffs with the information and documentation requested,

8    or an explanation why the information sought was unavailable, within 60 days after receipt of

9    Plaintiffs' alleged QWR; and (5) providing information to consumer reporting agencies regarding

10   overdue payments relating to the alleged QWR.  SAC ¶¶ 110-118.[9]  Plaintiffs' SAC further

11   alleges that "[a]s a direct and proximate consequence with regard to the actions and/or failure to

12   act as alleged [], Plaintiffs have incurred unnecessary overcharges, credit damage, and were not

13   given a meaningful opportunity to modify their loan [in] 2012 . . . ."  SAC ¶ 120.  Although

14   Plaintiffs sufficiently allege damages, Plaintiffs fail to allege any facts that would render it

15   plausible that these alleged damages occurred as a result of Ocwen's actions.  *See Urbano v.*

16   *Bank of Am., N.A.*, 1:12-CV-00464 AWI, 2013 WL 359655, at *7 (E.D. Cal. January 29, 2013)

17   (finding failure to sufficiently plead causation in RESPA claim where Plaintiff made a

18   "conclusory statement that '[a]s a proximate result of Defendants' actions, Plaintiff has been

19   damaged in the amount of ongoing penalties, fees, and interest charged by Defendants . . .'").

20          It is clear, based on the SAC, that Plaintiffs sent their alleged QWR to Ocwen on June 27,

21   2012—approximately *three years and three months* after the Notice of Default on March 13,

---

[9]  In the First MTD Order, the Court noted that "Plaintiffs' RESPA claim is generally vague and is really little more than a "formulaic recitation[s] of the elements of a cause of action."  First MTD Order at 7.  The Court notes that Plaintiffs' RESPA claim in the SAC is also little more than a "formulaic recitations of the elements of a cause of action."  For comparison, Section 2605(e) of RESPA provides that the loan servicer must: (1) respond to the QWR by providing a written response acknowledging receipt of the QWR within 20 days after receipt of the QWR, 12 U.S.C. § 2605(e)(1)(A); (2) make appropriate corrections to the borrower's account in response to the QWR, 12 U.S.C. § 2605(e)(2)(A); (3) provide the borrower with the information and documentation requested, or an explanation why the information sought was unavailable, no later than 60 days after receipt of the borrower's QWR, 12 U.S.C. § 2605(e)(2)(C); and (4) not provide information regarding any overdue payment, owed by such borrower and relating to such QWR, to any consumer reporting agency within 60 days after receipt of the borrower's QWR, 12 U.S.C. § 2605(e)(3).

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SAC WITH PREJUDICE

United States District Court
For the Northern District of California

1  2009 and approximately *two years and eight months* after the foreclosure sale on October 30,

2  2009.  *See* SAC ¶¶ 28, 31, 61, 70, and 71.  Therefore, by the time Plaintiffs sent their alleged

3  QWR to Ocwen, Plaintiffs likely had already sustained the damages Plaintiffs allegedly

4  suffered—incurred overcharges, credit damage, and no meaningful opportunity to modify their

5  loan—thus suggesting that Plaintiffs' alleged damages could not have been caused by any alleged

6  "actions and/or failure to act" by Ocwen after Ocwen's receipt of the alleged QWR in 2012.  *See,*

7  *e.g.*, *Givant v. Vitek Real Est. Industries Group, Inc.*, 2:11-CV-03158-MCE, 2012 WL 5838934,

8  at *4 (E.D. Cal. 2012) (finding that defendants' failure to respond to the QWR could not have

9  caused loan-related damages because "Givant did not send her QWR until sixteen months after

10  defaulting on her loan and until four months after Defendants had recorded a Notice of Trustee's

11  Sale . . . Thus, by the time Givant sent her QWR, she had already sustained the interest, penalties,

12  and fees that the letter disputed"); *Tamburri v. SunTrust Mortgage Co.*, 875 F. Supp. 2d 1009,

13  1015 (N.D. Cal. 2012) (dismissing plaintiff's RESPA claim because plaintiff did not explain how

14  her harm "derive[d] from any failure to respond to the QWRs, rather than from her own

15  default"); *Brothers*, 2012 U.S. Dist. LEXIS 138631, at *9 (dismissing a RESPA claim where the

16  alleged damages did "not flow from any lack of response to the QWR," but were likely "a result

17  of Plaintiff's failure to make loan payments").

18       Accordingly, given the above deficiencies in Plaintiffs' RESPA claim, the Court

19  DISMISSES Plaintiffs' RESPA claim as to Ocwen.[10]  The Court notes that these same

20  deficiencies also necessitate a dismissal of Plaintiffs' RESPA claim as to all remaining

21  Defendants.

22       **B.   Dismissal Without Leave to Amend**

23       The Court dismisses Plaintiffs' RESPA claim without leave to amend as to all Defendants

24  not only because the Court's First MTD Order held that Plaintiffs' failure to cure the deficiencies

25  in the FAC would result in a dismissal with prejudice, *see* First MTD Order at 9, but also because

26  amendment would be futile for the reasons stated below.  *Leadsinger, Inc. v. BMG Music Publ'g*,

27

28  [10]  Because Plaintiffs failed to state a claim, the Court need not address Deutsche Bank
Defendants' collateral estoppel, *Rooker-Feldman*, and judicial estoppel arguments.

512 F.3d 522, 532 (9th Cir. 2008) (a district court may deny leave to amend due to "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment"); *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (futility alone can justify the denial of leave to amend).

Thus far, Plaintiffs have had the opportunity to file an original complaint as well as *two* amended complaints.  In addition, Plaintiffs have been on notice of the deficiencies of their RESPA claim from Defendants' prior motions to dismiss on May 15, 2013 (which raised the damages causation issue) and June 11, 2013 (which raised the loan servicer issue), as well as the Court's September 17, 2013 First MTD Order.  The Court concludes that if Plaintiffs had a legitimate basis to set forth a plausible RESPA claim, Plaintiffs would already have articulated it in a meaningful way in one of their complaints.  This is especially true given that the Court's First MTD Order set forth precisely what deficiencies Plaintiffs needed to address with respect to their RESPA claim.  Particularly, the Court determined that Plaintiffs' FAC failed to state a RESPA claim because, among other reasons: (1) Ocwen was the only loan servicer identified in the FAC and the FAC failed to explain how or why the remaining non-loan servicer Defendants can be held liable for violations of RESPA; and (2) the FAC failed to allege damages "with even the remotest degree of specificity" and that other allegations in the FAC suggest that the damages Plaintiffs' suffered may well have been caused by Plaintiffs' failure to pay their mortgage, rather than by Ocwen's failure to properly respond to Plaintiffs' QWR.  First MTD Order at 6-7.  Accordingly, the Court finds that amendment is futile and will not give Plaintiffs a fourth bite at the apple.  *Carvalho*, 629 F.3d at 892; *Ruiz v. Natl. City Bank*, 2:09CV01586JAMGGH, 2010 WL 1006412, at *5 (E.D. Cal. 2010) ("[D]ismissal with prejudice is appropriate given that the Plaintiff has been given two chances to try to plead proper claims against this Defendant.").

The Court further notes that because of Plaintiffs' filing of three complaints and Defendants' filing of *seven* motions to dismiss those complaints, this litigation has been pending since Plaintiffs filed their original complaint in August of 2012 and has not moved beyond the pleadings stage.  The Court concludes that Defendants should not be required to respond to a continually moving target, and at some point, the litigation must be resolved.  *See Franczak v.*

United States District Court
For the Northern District of California

*Suntrust Mortg., Inc.*, Case No. 5:12-cv-01453 EJD, 2013 U.S. Dist. LEXIS 126977, *11-12 (N.D. Cal. Sept. 5, 2013) (denying leave to amend third amended complaint and dismissing case with prejudice because allowing further amendments after Plaintiff has already amended his pleading twice would unduly prejudice defendant who had to continually respond to a "moving target").  This action began in August 2012 — approximately one year and seven months ago — and Plaintiffs have had multiple chances to cure the deficiencies in their complaints.  Given that this Court's discretion to deny leave to amend is particularly broad where a complaint has already been amended, *see Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011), the Court dismisses Plaintiffs' RESPA claim, and consequently Plaintiffs' SAC, with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss the SAC with prejudice.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  March 12, 2014

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

Case No.: 5:12-CV-04123-LHK
ORDER GRANTING MOTIONS TO DISMISS PLAINTIFFS' SAC WITH PREJUDICE